# VANDENBERG & FELIU LLP

ATTORNEYS AT LAW

Christopher A. D'Angelo
cdangelo@vanfeliu.com

July 29, 2008

**VIA FAX**
Magistrate Judge Yanthis
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

Re: Buckley v. NXP, et al., 07 Civ. 6775 (SCR) Ct'd

Letter

Your Honor:

     This firm represents Plaintiff John Buckley in the referenced matter. We write in response to a letter from defendants' counsel, Joseph DeGuiseppe of Bleakly Platt & Schmidt LLP, requesting a pre-motion conference in anticipation of a motion to dismiss Plaintiff's ERISA claim as time-barred. For the reasons set forth below, we will oppose such a motion, if made.

     This action was commenced on July 27, 2007, alleging age discrimination in violation of federal and state law. At the time of commencement and through July 1, 2008, Plaintiff (an in-house corporate attorney his entire career) was proceeding *pro se.*

     On or about November 1, 2007, Plaintiff received a partial pay-out, known as the Personal Retirement Provision ("PRP") of the Philips Electronics North America Defined Benefit Plan, an ERISA-covered benefit plan. He was surprised at the amount of the pay-out, as it was less than anticipated. After some research, Plaintiff determined that the PRP had failed to accrue interest for the past seven (7) years, as both the Plan and Philips had represented would be done. Plaintiff believes that this failure to accrue interest is one reason the Philips Electronics North America Defined Benefit Plan was underfunded.

     In early 2008 Plaintiff then contacted defense counsel for permission to add an ERISA claim related to this underfunding. Defense counsel refused to agree, which then required Plaintiff to ask the Court for leave to amend. At a conference on April 1, 2008, this request was heard by this Court, and Mr. Buckley (who was still proceeding *pro se*) was given permission to amend. Significantly, as I understand from my client, at no time did defense counsel object to Mr. Buckley's proposed amendment as "futile", pursuant to FRCP 15, on statute of limitations grounds.

     Mr. Buckley's amended complaint was served and filed on or about April 22, 2008. The amendment alleges a new cause of action under section 510 of ERISA, and identifies a new defendant, the Philips Electronics North America Defined Benefit Retirement Plan. The three corporate defendants, all of whom were named in both the original complaint and the amendment,

Magistrate Judge Yanthis
July 29, 2008
Page 2

answered this amended complaint on or about June 18, 2008. The Plan by stipulation has until August 1 to answer, move, or otherwise respond.

This firm appeared on behalf of Mr. Buckley on July 1, 2008. Since that time I have had a chance to review the amended complaint filed by Mr. Buckley. It appears to me that what the amended complaint is alleging is a breach of contract claim against all defendants concerning the failure to accrue interest in the PRP since October 1, 2000, despite representations from Philips and the Plan that interest was being accrued. It also appears that defendants concealed this failure by neglecting to provide required information to plan participants. These allegations are set forth in paragraphs 40 through 43 of the amendment, and form the basis for a claim within section 502(a)(1)(B) of ERISA as a claim by a participant or beneficiary to recover benefits due under the plan. 29 U.S.C. Sec. 1132(a)(1)(B). In the Second Circuit, these claims are contractual in nature and governed by a six year statute of limitations. *Miles v. New York State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593 (2d Cir. 1983); *Campanella v. Mason Tenders' District Council Pension Plan*, 299 F.Supp. 2d 274 (S.D.N.Y. 2004).

We acknowledge that the amended complaint does not specifically identify section 502, but it must be remembered that Mr. Buckley was acting *pro se* at the time. It is well-settled that *pro se* litigants are to be accorded some leniency in drafting pleadings. This rule should apply as well to *pro se* litigants who, like Mr. Buckley, have legal training, but not as litigators.

Accordingly, in response to defense counsel's letter seeking permission to file a motion to dismiss, we request that plaintiff be permitted to file a second amended complaint to assert a claim under section 502 of ERISA, not a section 510 claim. Such an amendment would be relatively simple to accomplish, and defendants' cannot possibly be prejudiced by such an amendment, since as both plaintiff and defense counsel represented at the conference on July 1, discovery has barely begun, and will not conclude for another three months.

Defense counsel's letter also indicates that a letter seeking permission to file a motion to disqualify me as counsel for Mr. Buckley is imminent, on the theory that I "ought to be called as a witness" in this action. Defense counsel advised last week in a letter that such a motion would be based on my representation of Mr. Buckley prior to his termination, during a time when he was considering a severance package offered by defendants. I have declined defense counsel's request to withdraw, and do not believe that the facts will support any such motion.

Thank you for Your Honor's attention to this letter. Please note that a copy of this letter has also been faxed to defense counsel.

Sincerely,

Christopher A. D'Angelo

cc: Joseph DeGuiseppe, Esq. (via fax)
John Buckley