

# BLEAKLEY PLATT

NEW YORK    CONNECTICUT

JOSEPH DeGIUSEPPE, JR.
914.287.6144
JDEGIUSEPPE@BPSLAW.COM

**BLEAKLEY PLATT & SCHMIDT, LLP**

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

July 30, 2008

*VIA FACSIMILE (914) 390-4095*

Hon. George A. Yanthis, U.S.M.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150



RECEIVED
JUL 3 0 2008
USDC-WP-SDNY

> *Re:* **REQUEST FOR PRE-MOTION CONFERENCE**
> **Buckley v. Philips Electronics North America Corp.,**
> **Philips Semiconductors Manufacturing, Inc., et al.**
> **USDC:SDNY Case No. 07 Civ. 6775 (SCR)(GAY)**

Dear Judge Yanthis:

Please be advised that my firm represents defendants Philips Electronics North America

Corp. ("PENAC"), NXP Semiconductors USA, Inc. ("NXP"), and Philips Semiconductors

Manufacturing Inc. ("PSMI") (collectively, "Defendants") in the above-entitled action. In

compliance with Your Honor's Rules, we hereby request a pre-motion conference to discuss

Defendant's request to file a motion to disqualify Plaintiff's counsel and his firm on the grounds that

he "ought to be called as a witness" in the above-cited litigation pursuant to the mandate of

Disciplinary Rule 5-102(A) of the Code of Professional Responsibility.

The validity of the Settlement and General Release Agreement, dated December 8, 2004

("Agreement"), that Plaintiff, an in-house attorney represented by counsel, signed on or about

December 28, 2004, is an essential issue to the resolution of this litigation. Defendants in their

Answer have alleged this Agreement as an affirmative defense to Plaintiff's claims in this action.

In Paragraph 60 of his Amended Complaint, Plaintiff claims that the Agreement is "invalid" under

Hon. George A. Yanthis
July 28, 2008
Page 2

the Older Workers' Benefits Protection Act ("OWBPA") because he did not have 45-days to
consider the Agreement nor was he provided with information required by the OWBPA for group
as opposed to an individual employment termination.

Based upon my review of relevant documentation, it is clear that Plaintiff's current counsel
of record, Christopher A. D'Angelo, Esq., was directly involved in the review and negotiation of
the Agreement with at least two in-house PENAC attorneys. Mr. D'Angelo, in a letter dated
December 10, 2004 to James N. Casey, then-General Counsel of PSMI, contacted Mr. Casey in an
attempt to re-negotiate the terms of the then-proposed Agreement concerning his client's
employment termination from PMSI. Mr. Casey apparently referred Mr. D'Angelo's December
10th letter to John K. Skrypak, Vice President Employment & Labor Law, PENAC, for his
handling of the matter.

Subsequent correspondence, dated December 22, 2004, from Mr. Skrypak to Mr.
D'Angelo, responds to Mr. D'Angelo's request in his December 10th letter for certain materials
concerning the terms of the Agreement and his client's dismissal. I also understand that Messrs.
D'Angelo and Skrypak had at least two lengthy telephone conversations in December 2004 with
respect to Plaintiff's dismissal and Mr. D'Angelo's attempts to renegotiate certain provisions of the
Agreement. It therefore appears certain that Mr. D'Angelo "was intimately involved in the events
at the heart of this litigation." *See MacArthur v. The Bank of New York, 524 F. Supp. 1205, 1206
(S.D.N.Y. 1981).*

We intend to use Mr. Skrypak as a witness in this action to provide testimony as to his
conversations and negotiations with Mr. D'Angelo in December 2004 as to the terms and

Hon. George A. Yanthis
July 28, 2008
Page 3

conditions of the Agreement. As a result, it is clear that Mr. D'Angelo "ought to be called as a

witness" within the meaning of DR 5-102(A) to rebut this testimony on behalf of his client. Mr.

D'Angelo also has critical information pertaining to the actions he took on behalf of Plaintiff that

led to Plaintiff's decision to sign the Release Agreement. In any event, it is not necessary for

Defendants to prove that Mr. D'Angelo "will" be called as a witness, only that he "ought" to be

called as a witness either on Plaintiff's direct case or rebuttal. *See J.P. Foley & Co. v. Vanderbilt,*

*523 F.2d 1357, 1358-59 (2d Cir. 1975).*

As Mr. D'Angelo only entered his appearance in this action on July 1, 2008, we do not

believe that his disqualification, and that of his firm, will cause a "hardship" to Plaintiff, who is

himself an attorney. We have requested that Plaintiff's counsel voluntarily withdraw as counsel but

he declined this request on July 25, 2008.

Thank you for Your Honor's consideration of this request. I have faxed a copy of this letter

to Plaintiff's counsel. As I will be on vacation next week, Michael P. Benenati of my firm will be

covering this matter in my absence.

Very truly yours,

Bleakley Platt & Schmidt, LLP

Joseph DeGiuseppe, Jr.

JD/crf

cc: Christopher A. D'Angelo, Esq. (212-763-6810)