**EXHIBIT B**

**PHILIPS**

## Philips Semiconductors

John W. Buckley  
60 Woodcrest Drive  
Hopewell Junction, New York 12533

December 8, 2004

Dear Mr. Buckley:

  This Settlement and General Release Agreement is made in final consideration of the termination of your employment with Philips Semiconductor Manufacturing Inc. ("Philips"). You will conclude your current assignment on December 17, 2004 and your payroll and employment status will terminate on December 31, 2004. Any accrued, unused FTO will be paid to you on or about December 31, 2004. In return for your executing this Agreement and having it notarized, you will then be given the following severance considerations:

A)  You will receive on or about December 31, 2004, a lump sum payment of Seventy Five Thousand Three Hundred Eighty Seven Dollars and fifty one cents ($75,387.51).

B)  For a period of three months after your termination date (that is, through March 31, 2005), you will continue to be eligible for coverage under the medical, dental, vision and basic life benefit programs that are made available to employees of Philips and as they may be amended from time to time. Of course, your current benefits elections will continue to apply; Philips will be responsible for all premiums.

C)  You will receive a 2004 MBP bonus payment, if any, if and when such payments are made to other Philips employees in 2005. The terms and conditions of the MBP bonus plan shall continue to govern and the exact amount of the bonus shall be determined in accordance with the terms of the Plan.

D)  Your eligibility for any previously granted stock options/restricted shares and the exercise of those options will be strictly governed by the terms and conditions of the stock option/restricted share plan(s). You will not be eligible for, nor participate in, any long-term incentive plan, restricted share or stock option plan for 2005 or any year thereafter.

E)  The Market Readiness outplacement program is being provided for six months by Right Management Consultants at no cost to you.

F)  The payments made under the terms of this Agreement shall be considered payment for any and all vacation, bonuses, entitlements and other benefits due you now or at any time in the future. Of course, appropriate federal and state taxes and other deductions will be taken from the above payments. This Agreement shall not apply to any pension or 401(k) benefits to which you may otherwise be entitled.

1

Settlement and General Release Agreement (JB, Page 2 of 3 ).

In exchange for the foregoing promises and undertakings by Philips, you agree to the following:

1) You agree to release Philips and its affiliated companies and their past and present officers, directors, agents and employees from any and all claims you now have against them. In releasing them from all claims, you understand that such a release includes, but is not limited to, any type of employment, discrimination or termination claim you may have, including all age discrimination claims under the **Age Discrimination in Employment Act**. This release does not include claims that by law cannot be waived by you, such as your right to file a charge or complaint with governmental agencies. You do, however, waive any right to collect money damages as a result of your employment with Philips or the termination of that employment. You also waive any right to reinstatement.

2) It is stipulated and agreed that all information contained or possessed by you relative to the activities of Philips which is of a secret or confidential nature, which may include but is not limited to customers' lists, pricing, and technical and production know-how, developments, inventions, processes, or administrative procedures, is the property of Philips or its licensors, as the case may be, and you shall not during the term of this agreement or thereafter, use for the benefit of others or disclose to others such information so long as its secret or confidential nature be preserved by Philips; nothing herein shall prevent you from using and availing yourself of your general technical, engineering and inventive skill, knowledge and experience, including that pertaining to or derived from the non-secret and non-confidential aspects of the activities of Philips.

3) You agree to return to Philips on or before December 31, 2004, any and all property of Philips currently in your possession, including, but not limited to, computers and credit cards.

4) You agree that this Agreement shall not be construed in any way as an admission by Philips or any of its affiliated companies, officers, employees or agents, of any liability whatsoever, or as an admission of any wrong doing whatsoever against any person. Any such liability and/or admission is expressly denied.

5) You agree not to disclose, except to your immediate family and your attorney, the terms of this Settlement and Release Agreement.

6) You agree that the laws of the State of New York shall govern this Agreement without regard to its conflicts of laws and that any litigation concerning this Agreement shall be brought in the courts of the State of New York or in the federal courts covering the State of New York.

001026

Settlement and General Release Agreement (JB, Page 3 of 3).

This Agreement sets forth the entire Agreement between the parties and fully supersedes any and all prior agreements and understandings between you and any Philips Group company or affiliate pertaining to the subject matters of this Agreement, including but not limited to any payments owed to you by Philips.

If the foregoing is in accordance with your understanding of our entire and complete agreement concerning the subject matters discussed in this Agreement, please confirm by signing and returning the accompanying copy of this letter to me by December 29, 2004. The other copy is for your personal files. You should know that by law you must be given at least twenty-one (21) days to consider this Agreement. Furthermore, you may revoke the Agreement within seven (7) days after signing. Lastly, this Agreement will not become effective or enforceable until the seven (7) day revocation period has expired.

<u>We suggest that you seek legal counsel before signing this Agreement</u>.

Very truly yours,

Philips Semiconductor Manufacturing Inc.

By: _____
Steven F. Miner
Director Human Resources
Philips Semiconductors Fishkill

I hereby agree to and accept the foregoing terms and conditions:

_____         12/28/04
John W. Buckley                DATE

Sworn and subscribed to before me this 28TH day of DECEMBER, 2004.

_____
Notary Public

Jan Haley
Notary Public, State of New York
No. 01HA5070743
Qualified in Dutchess County
Commission Expires 12/23/06

3

001027