# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700
Attorneys of Record for Defendants:
Joseph DeGiuseppe, Jr. (JD 6376)
Michael P. Benenati (MPB 9669)

----------------------------------------------------------------X
JOHN W. BUCKLEY,

                                      Plaintiff,         Case No. 07 Civ. 6775
                                                        (SCR) (GAY)

    -against-

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                                      Defendants.
----------------------------------------------------------------X

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants, Philips Electronics North America Corp. ("PENAC") and NXP Semiconductors USA, Inc. ("NXP"), successor corporation to Philips Semiconductors Manufacturing Inc. ("PSMI") (collectively referred to herein as the "Defendants"), by and through their counsel, Bleakley Platt & Schmidt, LLP, for their Answer to Plaintiff's Amended Complaint, state as follows:

    1.    Deny each and every allegation contained in paragraph 1 of the Amended Complaint, except admit that Plaintiff purports to bring causes of action pursuant to the various federal and New York State laws cited in said paragraph.

2. Deny each and every allegation contained in paragraph 2 of the Amended Complaint, except admit that Plaintiff purports to bring an action pursuant to the Employee Retirement Income Security Act of 1974, as amended.

## JURISDICTION AND VENUE

3. Deny each and every allegation contained in paragraph 3 of the Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court, pursuant to 28 U.S.C. §§ 1331 and 1343(a) (4) and 2201; 29 U.S.C. § 526(b) and (c); and 28 U.S.C. § 1367(a).

4. Deny each and every allegation contained in paragraph 4 of the Amended Complaint, except admit that Plaintiff purports to invoke that venue is proper in the Southern District of New York, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Deny each and every allegation contained in paragraph 5 of the Amended Complaint, except admit that Plaintiff was employed by Defendant PSMI in Hopewell Junction, New York.

6. Deny each and every allegation contained in paragraph 6 of the Amended Complaint, except admits that Defendant PENAC is a Delaware corporation duly authorized to do business in the State of New York.

7. Deny each and every allegation set forth in paragraph 7 of the Amended Complaint, except admit that Defendant PENAC employs over twenty employees.

8. Deny each and every allegation set forth in paragraph 8 of the Amended Complaint, except admit that PSMI was formerly the semiconductor division of PENAC

which was incorporated into a separate corporate entity and then sold to NXP in or about August 2006.

9. Deny each and every allegation set forth in paragraph 9 of the Amended Complaint.

10. Admit the allegations contained in paragraph 10 of the Amended Complaint.

11. Deny each and every allegation set forth in paragraph 4 of the Amended Complaint, except admit that Defendant NXP employs over twenty employees.

12. The allegations in paragraph 12 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, Defendants deny each and every allegation in said paragraph.

13. Deny each and every allegation set forth in paragraph 13 of the Amended Complaint.

## ADMINISTRATIVE HISTORY

14. Deny each and every allegation set forth in paragraph 14 of the Amended Complaint and further deny that Defendants have ever committed a discriminatory act against Plaintiff, except admit that Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in or about February 2005.

15. Deny each and every allegation set forth in paragraph 15 of the Amended Complaint, except admit that the EEOC has issued a Determination with respect to Plaintiff's charge.

16. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Amended Complaint, except admit that the EEOC has issued a Notice of Right to Sue dated April 30, 2007.

## FACTUAL ALLEGATIONS

17. Deny each and every allegation set forth in paragraph 17 of the Amended Complaint, except admit upon information and belief that Plaintiff was employed by MiCrus in Hopewell Junction, New York.

18. Deny each and every allegation set forth in paragraph 18 of the Amended Complaint, except admit that Plaintiff was employed by PSMI.

19. Deny each and every allegation set forth in paragraph 19 of the Amended Complaint, except admit that Plaintiff received credit for his service with IBM and MiCrus.

20. Deny each every allegation set forth in paragraph 20 of the Amended Complaint, except admit that Plaintiff's compensation from his employment with one or more of the Defendants may have included certain stock option rights and bonus payments.

21. Deny knowledge or information sufficient to form a belief as to allegations set forth in paragraph 21 of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Amended Complaint.

25. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 26 of the Amended Complaint.

27. Deny each and every allegation set forth in paragraph 27 of the Amended Complaint.

28. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Amended Complaint.

29. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Amended Complaint.

30. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 30 of the Amended Complaint.

31. Admit the allegations contained in paragraph 31 of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 32 of the Amended Complaint, except admit that Wendy Arienzo's June 2004 presentation shows Plaintiff in a special projects box.

33. Admit the allegations contained in paragraph 33 of the Amended Complaint.

34. Deny each and every allegation set forth in paragraph 34 of the Amended Complaint.

35. Deny each and every allegation set forth in paragraph 35 of the Amended Complaint, except admit that Plaintiff was advised in August 2004 by PSMI that his position was being eliminated and that his employment would end, effective December 31, 2004.

36. Deny each and every allegation set forth in paragraph 36 of the Amended Complaint.

37. Deny each and every allegation set forth in paragraph 37 of the Amended Complaint.

38. The allegations in paragraph 38 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, they deny knowledge or information sufficient to form a belief as to the allegations set forth in said paragraph.

39. The allegations in paragraph 39 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, they deny knowledge or information sufficient to form a belief as to the allegations set forth in said paragraph.

40. Deny each and every allegation set forth in paragraph 40 of the Amended Complaint.

41. The allegations in paragraph 41 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, they deny knowledge or information sufficient to form a belief as to the allegations set forth in said paragraph.

42. The allegations in paragraph 42 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, they deny knowledge or information sufficient to form a belief as to the allegations set forth in said paragraph.

43. The allegations in paragraph 43 are not directed towards Defendants and therefore require no response; to the extent such allegations are directed towards Defendants, they deny knowledge or information sufficient to form a belief as to the allegations set forth in said paragraph.

44. Deny each and every allegation set forth in paragraph 44 of the Amended Complaint.

45. Deny each and every allegation in paragraph 45 of the Amended Complaint.

46. Deny each and every allegation set forth in paragraph 46 of the Amended Complaint.

47. Deny each and every allegation set forth in paragraph 47 of the Amended Complaint.

48. Deny each and every allegation set forth in paragraph 48 of the Amended Complaint.

49. Deny each and every allegation set forth in paragraph 49 of the Amended Complaint.

50. Deny each and every allegation set forth in paragraph 50 of the Amended Complaint.

51. Deny each and every allegation set forth in paragraph 51 of the Amended Complaint.

52. Deny each and every allegation set forth in paragraph 52 of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 53 of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to each and every allegation set forth in paragraph 54 of the Amended Complaint.

55. Deny each and every allegation set forth in paragraph 55 of the Amended Complaint, except admit that no other attorneys were terminated in conjunction with Plaintiff's termination.

56. Deny each and every allegation set forth in paragraph 56 of the Amended Complaint.

57. Deny each and every allegation set forth in paragraph 57 of the Amended Complaint.

58. Deny each and every allegation set forth in paragraph 58 of the Amended Complaint,.

59. Deny each and every allegation set forth in paragraph 59 of the Amended Complaint.

60. Deny each and every allegation set forth in paragraph 60 of the Amended Complaint, except admit that Defendant PSMI offered Plaintiff a Severance Agreement and Release, dated December 8, 2004, which Plaintiff accepted on or about December 28, 2004.

61.   Deny each and every allegation set forth in paragraph 61 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

62.   With regard to paragraph 62 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 61 of the Amended Complaint, as if each were fully set forth herein.

63.   Deny each and every allegation set forth in paragraph 63 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

64.   With regard to paragraph 64 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 63 of the Amended Complaint, as if each were fully set forth herein.

65.   Deny each and every allegation set forth in paragraph 65 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

66.   With regard to paragraph 66 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 65 of the Amended Complaint, as if each were fully set forth herein.

67.   Deny each and every allegation set forth in paragraph 67 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION

68. With regard to paragraph 68 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 67 of the Amended Complaint, as if each were fully set forth herein.

69. Deny each and every allegation set forth in paragraph 69 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE FIFTH CAUSE OF ACTION

70. With regard to paragraph 70 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 69 of the Amended Complaint, as if each were fully set forth herein.

71. Deny each and every allegation set forth in paragraph 71 of the Amended Complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CAUSE OF ACTION

72. With regard to paragraph 72 of the Amended Complaint, repeat and reallege their responses to paragraphs 1 to 71 of the Amended Complaint, as if each were fully set forth herein.

73. Deny each and every allegation set forth in paragraph 73 of the Amended Complaint.

74. Deny each and every allegation set forth in paragraph 74 of the Amended Complaint.

75. Deny each and every allegation set forth in paragraph 75 of the Amended Complaint.

76. Deny that Plaintiff is entitled to any relief demanded in the WHEFORE clause of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

77. Plaintiff's Amended Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

78. Plaintiff's claims are each barred, in whole or in part, by the applicable statute of limitations or other limitations period.

### THIRD AFFIRMATIVE DEFENSE

79. Plaintiff's Amended Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith for legitimate, non-discriminatory business reasons unrelated to Plaintiff's age.

### FOURTH AFFIRMATIVE DEFENSE

80. Plaintiff has failed to satisfy, in whole or in part, the statutory prerequisites for filing some or all of their claims.

### FIFTH AFFIRMATIVE DEFENSE

81. Even if Plaintiff could prove his age was a factor in any employment action taken with respect to his employment, which it was not, Defendants would have made the same employment action regardless of Plaintiff's age.

### SIXTH AFFIRMATIVE DEFENSE

82. To the extent the Amended Complaint, and each and every purported count or claim or cause of action asserted therein, seeks an award of punitive, liquidated or exemplary damages, such count or claim or cause of action fails to allege facts sufficient to justify an award of such damages against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

83. Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which compensatory damages may be awarded.

## EIGHTH AFFIRMATIVE DEFENSE

84. Plaintiff's Amended Complaint should be dismissed and the demands for relief stated therein should be denied because Plaintiff has failed, in whole or in part, to mitigate the damages he allegedly suffered.

## NINTH AFFIRMATIVE DEFENSE

85. Upon information and belief, Plaintiff's claims, in whole or in part, are barred by the election of remedies of New York State law.

## TENTH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred under the doctrine of accord and satisfaction.

## ELEVENTH AFFIRMATIVE DEFENSE

87. Plaintiff knowingly and voluntarily waived any rights afforded by the ADEA and the Settlement and General Release signed by Plaintiff complied with the OWBPA.

## TWELTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims for age discrimination under New York law must be dismissed because Defendants did not condone any alleged unlawful conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

89. Plaintiff's Amended Complaint fails to state a claim, in whole or in part, upon which attorneys' fees may be awarded.

### FOURTEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, release and collateral estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

### SIXTEENTH AFFIRMATIVE DEFENSE

92. Assuming, *arguendo*, that any type of contract existed between Plaintiff and Defendants, such contract is void or unenforceable for failure of consideration.

### SEVENTEENTH AFFIRMATIVE DEFENSE

93. Assuming, *arguendo*, that any type of contract existed between Plaintiff and Defendants, such contract is void or unenforceable because Plaintiff's failure to perform all the material conditions of that contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred, in whole or in part, but the Statute of Frauds.

### NINETEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate his damages.

### TWENTIETH AFFIRMATIVE DEFENSE

96. None of the Defendants are, as a matter of law, either a "fiduciary" or "plan administrator" within the meaning of ERISA with respect to the Plan.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

97. Plaintiff is not entitled to recover either punitive damages or attorneys' fees against Defendants for the claims alleged in the Complaint under the provisions of New York Human Rights.

WHEREFORE, Defendants respectfully request this Court to:

1. Dismiss Plaintiff's Amended Complaint and all claims for relief set forth therein with prejudice;

2. Deny each and every demand for relief as set forth in Plaintiff's Amended Complaint;

3. Strike Plaintiff's demand for a jury trial; and

4. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Dated: White Plains, New York
June 18, 2008

Respectfully submitted,

BLEAKLEY PLATT & SCHMIDT, LLP

By: _____
Joseph DeGiuseppe, Jr. (JD 6376)
Michael P. Benenati (MPB 9669)
One North Lexington Avenue
White Plains, New York 10601
Tel: (914) 949-2700
Fax: (914) 683-6956

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
JOHN W. BUCKLEY,

                                          Plaintiff,        Case No. 07 Civ. 6775
                                                                   (SCR) (GAY)

      -against-

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                                          Defendants.
-------------------------------------------------------------X


## CERTIFICATION OF SERVICE

I hereby certify that on June 18, 2008, a copy of the foregoing Answer to the Amended Complaint was served via UPS overnight delivery, postage prepaid, in a sealed envelope upon the person and party listed below:

                    John W. Buckley
                    60 Woodcrest Drive
              Hopewell Junction, New York 12533
                    (845) 264-5212

                                                            _____
                                                             Joseph DeGiuseppe, Jr. (JD 6376)