**EXHIBIT D**

# Vandenberg & Feliu, LLP
*Attorneys at Law*
110 East 42nd Street
New York, New York 10017
Telephone: 212-763-6800
Fax: 212-763-6810

*Christopher A. D'Angelo*
E-mail: cdangelo@vanfeliu.com

December 10, 2004

**FOR SETTLEMENT PURPOSES ONLY**

<u>*VIA FEDEX*</u>

James N. Casey, Esq.
General Counsel
Philips Semiconductors, Inc.
1109 McKay Drive – MS SJ 54
San Jose, California 95131-1706

      Re:   <u>John Buckley</u>

Dear Mr. Casey:

      This Firm represents John Buckley in connection with the termination of his employment as General Counsel of Philips Semiconductors' facility in Fishkill, New York, which is to take effect on December 31, 2004, and the Separation Agreement and Release which he has been asked to sign.

      While Mr. Buckley is prepared to sign a release in connection with his termination, the package which has been offered to him is less than satisfactory, considering (1) his tenure, experience and performance for Philips Semiconductors and its predecessor organizations, and (2) the circumstances under which he is being terminated.

      It is our understanding that Mr. Buckley has been an employee of Philips Semiconductors and its predecessor organizations (including IBM and MiCRUS) for over twenty-seven (27) years. During that time he has performed at a very high level. In fact, his most recent performance evaluation rates him at the highest level in most categories, and his overall performance is rated a "2". Our information is that only two other individuals (and only one other senior executive) out of nearly 900 employees in Fishkill received an overall rating this high. Moreover, as a result of his performance in 2003, Mr. Buckley was told by his then manager, Lloyd Young, that he was placed in the Special Incentive Bonus Pool.

      In May 2004, Mr. Buckley learned that Philips Electronics North America

("PENA") would be transitioning to a "shared services" legal department on January 1, 2005. Mr. Buckley was also advised at or about that time that he would be reporting to Sies Plokker, PENA's Senior Vice-President and General Counsel, in a position that would include support of the Fishkill plant and other remote support responsibilities. Mr. Plokker was preparing a job description for Mr. Buckley that would be available some time in July, 2004.

In August 2004, without any warning or notice, and despite over twenty-seven years of high quality performance and excellent results, Mr. Buckley was informed by you that his position as General Counsel in Fishkill was to be eliminated effective December 31, 2004. You also informed him that his employment would be terminated effective that same date.

The termination of Mr. Buckley's employment is curious, to say the least, given his track record of results and his long tenure with Philips and its predecessor organizations. It may also be unlawful. Among other things, we understand that Mr. Buckley, who is fifty-two years old, is the only attorney to lose a job as a result of the transition to a "shared services" legal department. Indeed, at the same time he was told that he was being terminated, there were two employment requisitions for legal positions in the Philips "Careers" database. Significantly, both positions were for Semiconductor openings and neither position has been offered to Mr. Buckley at any time. In addition, we are aware of at least one "contract" attorney who will be converted to regular employment as of January 4, 2005. Thus, Mr. Buckley is being terminated from a "shared services" legal department which is expanding. We believe these facts give rise to a reasonable inference of age discrimination, in violation of applicable federal and state law.

Mr. Buckley's termination at this time will also deprive him of significant retirement benefits under the Philips Electronics North America Corporation Pension Plan. Had he remained a Philips employee for just three more years, the combination of his age (55) and length of service (30 years) would have allowed him to retire without penalty, with an estimated benefit of about $70,000 per year, plus retiree medical benefits. His termination on December 31, 2004, however, means he will not attain this level, and that he will not be able to receive any plan payments until the age of 65. It also results in a reduction of his annual pension to about $53,000 and the loss of retiree medical benefits. Assuming a life expectancy to age 75, this is a loss of nearly one million dollars in pension and benefits.

To date, there has been no offer to "bridge" Mr. Buckley so that he can attain these benefits. In fact, he has been told that it is "Semiconductors policy" not to bridge service. Since the plan is a Philips (not Semiconductors) plan, we question the validity of this "policy". In any event, we are aware of several instances where, in fact, additional years of service have been credited to terminated employees under this same pension plan. Under these circumstances, it appears that Philips, and/or the plan, may be in violation of applicable federal and state benefits laws, including ERISA.

In connection with this issue, please provide me with a true and correct

copy of this Pension Plan, and any amendments or restatements, as well as any and all applicable summary plan descriptions. If you believe this request should be directed elsewhere, kindly provide me with the name and address of the appropriate individual.

In addition, Mr. Buckley appears to have a claim for failure to pay him a Special Incentive Bonus for 2003. As stated earlier, Mr. Buckley was advised in the early part of 2004 that he was placed into the Special Incentive Bonus pool. He was even shown his Special Incentive Bonus letter by Lloyd Young. Nevertheless, several months later he was told by Wendy Arienzo (the current General Manager at Fishkill) that he was not a participant in the pool, and he would not be receiving a Special Incentive Bonus. This conduct may give rise to claims under the common law and either the New York State or California Wage Payment Law for unpaid compensation, and seems to be additional evidence of a pattern of unlawful, discriminatory treatment against Mr. Buckley.

Mr. Buckley hopes to avoid litigating these claims, but is prepared to do so if he must. In order to resolve these claims, Mr. Buckley is willing to sign a release in return for (1) a three year service bridge which will allow him to retire at age 55 without penalty (as described above), (2) an additional twelve months severance pay, to account for the difficulty he anticipates in finding another job at his age in a difficult job market, (3) the Special Incentive Bonus he is entitled to receive, (4) the continuation of existing stock options, and (5) a positive letter of reference reflecting his long and exemplary service.

I ask that you or your representative contact me promptly to discuss these issues and our counter-proposal to your severance package. In addition, I also ask that you place your insurance carriers on notice of the potential claims raised in this letter.

Sincerely,

Christopher A. D'Angelo

CDA:mmr
cc: John Buckly, Esq.
    Mr. Frans van Houten
    Mr. Peter Kleij
    Guido Dierick, Esq.
    Sies Plokker, Esq.