# EXHIBIT I

LEXSEE

MARK GANDLER and INTERNATIONAL SPORTS ADVISORS CO., Plaintiffs,
v. ANDREI NAZAROV, Defendant.

94 Civ. 2272 (CSH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1994 U.S. Dist. LEXIS 10236

July 27, 1994, Decided
July 28, 1994, Filed

JUDGES: [*1] HAIGHT, JR.

OPINION BY: CHARLES S. HAIGHT, JR.

OPINION

*MEMORANDUM OPINION AND ORDER*

HAIGHT, District Judge:

In the course of a telephone conference call on July 1, 1994, the Court *sua sponte* raised the question of whether plaintiffs' counsel should be disqualified from representing the plaintiffs pursuant to Disciplinary Rule ("DR") 5-102 (codified at N.Y. Jud. Law, App. at 451-54). Having considered the parties' submissions on this issue, I conclude that plaintiffs' counsel, Alexander Berkovich, should be disqualified.

*BACKGROUND*

Plaintiff International Sports Advisors Co. ("ISA") is in the business of representing professional hockey players in the National Hockey League ("NHL"). Plaintiff Mark Gandler is a principal of ISA. On or about May 15, 1992, plaintiffs entered into a written Representation Agreement with defendant Andrei Nazarov, who at the time, was a seventeen year-old Russian citizen playing hockey for the Dynamo Moscow Hockey Club. Under the terms of the Representation Agreement, ISA promised to represent the defendant in securing an NHL contract and other commercial endorsements, and Nazarov agreed to pay ISA a commission.

On or about April 26, 1993, Nazarov provided ISA [*2] with notice that it was terminating the Representation Agreement. Plaintiffs then initiated this action alleging that Nazarov had breached the Representation Agreement. Nazarov has moved to dismiss on a number of grounds.

At issue between the parties is the validity and enforceability of the Representation Agreement. At the heart of defendant's motion to dismiss is the contention that the contract is unenforceable, in whole or in part, because the terms of the contract were never adequately explained to him, he was never provided a Russian translation of the contract, and the terms of the contract are inherently unfair.

According to plaintiffs, the contract was negotiated over the period of February 1992 to May 1992 by Gandler, a native Russian speaker. Gandler asserts that he met several times with the defendant and Viktor Nazarov, the defendant's father. In the course of these meetings, he translated and explained the terms of the Representation Agreement and answered all of their questions.

On May 15 and 16, 1992, Berkovich, counsel for plaintiffs in this action, met with defendant and defendant's father. Neither Gandler nor any other ISA employee was present at these meetings. [*3] Berkovich asserts, in an affidavit submitted in connection with the motion to dismiss, that he spoke with the Nazarovs for over six hours. Being a native Russian speaker, he translated and explained every provision in the two-and-a-half page Representation Agreement, emphasizing the salient points. According to Berkovich, at no time did either of the Nazarovs request a written Russian translation of the agreement.

Nazarov disputes Berkovich's contention that he translated and explained every provision of the contract. Nazarov contends that the only thing Berkovich told him about the agreement was that Berkovich would represent him, and he had to pay Berkovich 5% of any monies

Case 7:07-cv-06775-SCR-GAY    Document 19-10    Filed 08/26/2008    Page 3 of 4

Page 2
1994 U.S. Dist. LEXIS 10236, *

earned. In addition, according to Nazarov, Berkovich told him that he could terminate the relationship at any time so long as he paid Berkovich any commissions already earned.

Viktor Nazarov, the defendant's father, also disputes Berkovich's recollection of the meetings on May 15 and 16. Viktor Nazarov contends that Berkovich only spent five minutes discussing the agreement, advising the Nazarovs not to be concerned because they could "trust" him. Viktor Nazarov also maintains that he requested a written translation [*4] of the agreement, but Berkovich never provided one.

It is in this context that the Court must resolve the question of Berkovich's representation of plaintiffs.

DISCUSSION

DR 5-102(A) [1] requires that an attorney be disqualified whenever it appears that he ought to be called as a witness on behalf of his own client. The rule provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness of behalf of his own client, the lawyer shall withdraw as an advocate before the tribunal, except that the lawyer may continue as an advocate and may testify in the circumstances enumerated in DR 5-101(B) (1) through (4).

Courts in New York have interpreted DR 5-102(A) to require disqualification only where it is "likely that the testimony . . . is necessary." *S & S Hotel Ventures Ltd. Partnership v. 777 S. H. Corp., 515 N.Y.S.2d 735, 739 (Ct. App. 1987).* "Testimony may be relevant and even highly useful but still not strictly necessary. A finding, of necessity takes into account factors such as the significance of the matters, the weight of the testimony, and the availability of other [*5] evidence." *Id.*

> 1 Defendant also argues that Berkovich should be disqualified under DR 5-102(B). I need not reach that argument, because I find sufficient basis for disqualification under DR 5-102(A).

Berkovich maintains that his testimony is not necessary to the plaintiffs' case because it is consistent with Gandler's, and therefore cumulative. Gandler, however, can only testify as to his conversations with the defendant and his father in the meetings prior to May 15 and 16; he was not present during the six hours Berkovich claimed he translated and discussed the contract with defendant. The Nazarovs assert that Berkovich did not translate or explain the agreement in any way; Berkovich is the only witness who could contradict that testimony for the plaintiffs.

Berkovich was intimately involved in the negotiation and execution of the Representation Agreement. Absent his testimony, it will be impossible for the plaintiffs to explain or rebut defendant's testimony. *See MacArthur v. Bank of New York, 524 F. Supp. 1205, 1207 (S.D.N.Y. 1981)* [*6] (applying a "significantly useful" standard rather than a "necessary" standard). The mandatory direction of DR 5-102(A) requires that in those circumstances, an attorney be disqualified.

Berkovich and plaintiffs argue that Berkovich need not be disqualified because the circumstances satisfy the exception to DR 5-102(A) set forth in DR 5-101(B)(4) -- his disqualification would work a substantial hardship on plaintiffs. In support of that contention, plaintiffs argue that Berkovich possesses special knowledge of "the hockey industry"; specifically, he possesses unique knowledge relating to hockey commission disputes and plaintiffs' business.

I find plaintiff's hardship argument to be without merit. Counsel offers no support for the proposition that only counsel experienced in the "hockey industry" would be competent to handle this garden-variety breach of contract action. *See Norman Norell, Inc. v. Federated Department Stores, Inc., 450 F. Supp. 127, 130 (S.D.N.Y. 1978)* (rejecting plaintiff's contention that only counsel experienced in the "dress industry" would be capable of handling antitrust litigation). This is not so complex a matter that effective [*7] substitute counsel cannot be found.

Plaintiffs alternatively ask that if the Court disqualifies Berkovich, it at least permit him to represent them through the pre-trial proceedings, and allow one of his colleagues to handle the matter during the trial stages. I think the better course would be to have Berkovich step aside at this point and allow successor counsel to handle the pre-trial proceedings. As defendant points out, there is a real likelihood that the deposition testimony of some witnesses (particularly those in Russia) could ultimately become trial testimony. Were that to happen, the jury might discover Berkovich's dual role as attorney-witness, the very evil DR 5-102(A) is designed to avoid.

The Court is well aware that its decision today interferes with plaintiffs' right to freely choose its counsel. Judge Sofaer's comments, however, are particularly apt:

> A lawyer can choose . . . to participate actively in a client's business affairs - not just as an adviser, but also as a negotiator and agent . . . . Such conduct is entirely

Case 7:07-cv-06775-SCR-GAY    Document 19-10    Filed 08/26/2008    Page 4 of 4

Page 3

1994 U.S. Dist. LEXIS 10236, *

proper. But if an attorney chooses to become intimately involved in the client's business, then he or she must be prepared to step aside if [*8] the matters involved result in litigation.

*MacArthur, 524 F. Supp. at 1211*. Now that this matter has resulted in litigation, Berkovich must step aside.

Accordingly, I direct that Berkovich withdraw as counsel for plaintiffs. Substitute counsel for plaintiffs shall file a notice of appearance within thirty (30) days of the date of this order. The pending motion to dismiss is *sub judice,* and will be resolved in due course.

It is SO ORDERED.

Dated: New York, New York

July 27, 1994

CHARLES S. HAIGHT, JR. U.S.D.J.