UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOHN W. BUCKLEY,

                        Plaintiff,

       -against-                         **Case No. 07 Civ. 6775**
                                        **(SCR) (GAY)**

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                        Defendants.
--------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION <ins>TO DISQUALIFY PLAINTIFF'S COUNSEL</ins>


**BLEAKLEY PLATT & SCHMIDT, LLP**
**One North Lexington Avenue**
**White Plains, New York 10601**
**(914) 949-2700**
*Attorneys of Record for Defendants:*
*Joseph DeGiuseppe, Jr. (JD 6376)*
*Michael P. Benenati (MPB 9669)*

# TABLE OF CONTENTS

SUMMARY OF RELEVANT FACTS ............................................................................2

ARGUMENT
POINT I
PLAINTIFF'S COUNSEL SHOULD BE DISQUALIFIED  UNDER THE
"LAWYERS AS WITNESSES" RULE .......................................................................5

    A.   An Attorney Who "Ought to be Called as a Witness" Must be Disqualified ...............5

    B.   Plaintiff's Counsel  "Ought To Be Called As A Witness" With Respect to
His December 2004 Negotiations and Review of the Release ......................................7

    C.   No Exceptions to the "Advocate-Witness" Rule Apply Here ......................................9

CONCLUSION ...........................................................................................................11

# TABLE OF CONTENTS

## Cases

*Accord Fulfree v. Manchester*, 945 F. Supp. 768, 770-72 (S.D.N.Y. 1996)..........................7

*Blue Planet Software, Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004) ......................................................................................................................................5

*Gandler v. Nazarov*, 1994 U.S. Dist. LEXIS 10236, at *2 (S.D.N.Y. 1994)........................9

*Gleason v. Zocco,* 941 F. Supp. 32, 35-36 (S.D.N.Y. 1996) ...................................................7

*Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975).......................................................5

*Kubin v. Miller,* 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) (*quoting S & S Hotel Ventures,* 69 N.Y.2d at 446, 515 N.Y.S.2d at 739); *Multi-Juice,* 2003 WL 1961636, at *7 .............8

*Lamborn v. Dittiner,* 873 F.2d 522, 531 (2d Cir. 1989) (*citing MacArthur,* 524 F. Supp. at 1208),...............................................................................................................................8

*MacArthur v. Bank of New York*, 524 F. Supp. 1205, 1209 (S.D.N.Y. 1981).......................6

*Multi-Juice, S.A. v. Snapple Beverage Corp.*, 2003 U.S. Dist. LEXIS 7040, at *7 (S.D.N.Y. 2003) (*quoting S & S Hotel Ventures Ltd. P'ship v. S.H. Corp.,* 69 N.Y.2d 437, 446, 515 N.Y.S.2d 735, 739 (1987)).................................................................................................8

*Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2003 U.S. Dist. LEXIS 7040, at *7-8 (S.D.N.Y. 2003) .................................................................................................................7

*Wickes v. Ward*, 706 F. Supp. 290, 292 (S.D.N.Y. 1989)........................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**BLEAKLEY PLATT & SCHMIDT, LLP**
**One North Lexington Avenue**
**White Plains, New York 10601**
**(914) 949-2700**
**Attorneys of Record for Defendants:**
**Joseph DeGiuseppe, Jr. (JD 6376)**
**Michael P. Benenati (MPB 9669)**

-------------------------------------------------------------X
JOHN W. BUCKLEY,

                           Plaintiff,

            -against-                                    **Case No. 07 Civ. 6775**
                                         **(SCR) (GAY)**

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                           Defendants.
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
## TO DISQUALIFY PLAINTIFF'S COUNSEL

      This memorandum of law is submitted in support of the motion of Defendants NXP

Semiconductors USA, Inc. ("NXP"), Philips Semiconductors Manufacturing Inc. ("PSMI")

and Philips Electronics North America Corp. ("PENAC") (collectively the "Defendants")[1]

to disqualify Plaintiff's  recently retained counsel, Christopher A. D'Angelo, Esq., and his

---

[1] Defendant Philips Electronics North America Corporation Pension Plan is concurrently filing a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

firm Vandenberg & Feliu, LLP, on the grounds that he "ought to be called as a witness" in the above-cited litigation pursuant to the mandate of Disciplinary Rule ("DR") 5-102(A) of the New York Lawyer's Code of Professional Responsibility.

## SUMMARY OF RELEVANT FACTS

Plaintiff John W. Buckley, the former General Counsel of PSMI, commenced this action on a *pro se* basis by filing his initial Complaint on July 27, 2007, alleging various age discrimination and unpaid compensation claims against the Defendants. On April 1, 2008, at a pre-motion conference, the Hon. George A. Yanthis, U.S.M.J., granted Plaintiff's request to file an Amended Complaint[2] to assert an alleged ERISA § 510 claim which he filed again on a *pro se* basis on April 23, 2008. On July 1, 2008, at a status conference held before Judge Yanthis, Mr. D'Angelo made his initial appearance on behalf of Plaintiff, almost one year after this action had been commenced.

Plaintiff's Amended Complaint ("Am. Compl.") arises out of his termination from PSMI, of which he was notified in August 2004, with a termination date of December 31, 2004. In connection with his employment termination, Plaintiff was presented with a draft Settlement and General Release Agreement ("Release") to review and sign. Plaintiff signed the Release on December 28, 2004, and received a severance payment in the amount of $75,387.51 plus other considerations. (DeGiuseppe Aff., Ex. B). Pursuant to the Release, Plaintiff agreed that, in exchange for severance and a

---

[2] A true and correct copy of the Amended Complaint is annexed to the Affidavit of Joseph DeGiuseppe, Jr., sworn to August 26, 2008 ("DeGiuseppe Aff.") as Exhibit A.

continuation of benefits, he would not seek monetary relief from Defendants based on his employment or termination. As alleged in Paragraph 55 of the Amended Complaint, "Plaintiff was the only attorney of over 70 attorneys employed by defendant Legal Departments to be terminated during the January 1, 2005 transition to the 'shared services' Legal Department." (DeGiuseppe Aff., Ex. A, Am. Compl. ¶ 55).

The validity of the Release is an essential issue to the resolution of this litigation. In Paragraph 60 of his Amended Complaint, Plaintiff claims that the Release is "invalid" under the Older Workers' Benefits Protection Act ("OWBPA")  because he did not have 45-days to consider the Release nor was he provided with certain information required by the OWBPA for group as opposed to an individual employment termination. (DeGiuseppe Aff., Ex. A, Am. Compl. ¶ 60).  Defendants in their Answer have alleged the Release as an Affirmative Defense to the causes of action alleged in the Amended Complaint, including Plaintiff's age discrimination claims. (DeGiuseppe Aff., Ex. C, Answer ¶ 90).

It is clear that Plaintiff's current counsel, Mr. D'Angelo, was directly involved in the review and negotiation of the Release with at least two in-house PENAC attorneys. Mr. D'Angelo, in a letter dated December 10, 2004 to James N. Casey, then-General Counsel of a Philips semiconductors division, including PSMI, proposed to re-negotiate the terms of the proffered Release concerning his client's employment termination from PSMI. (DeGiuseppe Aff., Ex. D). Mr. Casey referred Mr. D'Angelo's December 10th letter to John K. Skrypak, Vice President Employment & Labor Law, PENAC, for his handling of the matter. (Affidavit of John K. Skrypak, sworn to August 25, 2008 ("Skrypak Aff.") ¶ 4).

3

Messrs. D'Angelo and Skrypak had at least two lengthy telephone conversations in December 2004 with respect to Plaintiff's dismissal and Mr. D'Angelo's attempts to re-negotiate certain provisions of the Release.    In addition, in a letter dated December 22, 2004, Mr. Skrypak responded to  Mr. D'Angelo's request in his December 10th letter for certain materials concerning the terms of the Release and his client's dismissal. (Skrypak Aff. ¶¶ 5-6, Ex. A). At no time during his negotiations with Mr. Skrypak did Mr. D'Angelo challenge the validity of the Release in any respect. (Skrypak Aff. ¶ 5).

Defendants intend to use Mr. Skrypak as a witness in this action to provide testimony as to his conversations and negotiations with Mr. D'Angelo in December 2004 as to the terms and conditions as well as the validity of the Release. As demonstrated more fully below, it is clear that Mr. D'Angelo  "ought to be called as a witness" within the meaning of DR 5-102(A) either to rebut Mr. Skrypak's testimony or to explain his client's position as to the Release's validity.  Mr. D'Angelo also has critical information pertaining to the actions he took on behalf of Plaintiff that led to Plaintiff's decision to sign the Release.  At the very least, Mr. D'Angelo's testimony will confirm the fact that Plaintiff consulted with, and was represented by independent counsel with respect to his decision to sign the Release.

Defendants' counsel  in a letter, dated July 21, 2008,  requested that Mr. D'Angelo voluntarily withdraw as counsel but he declined this request in a letter, dated July 25, 2008. (DeGiuseppe Aff. ¶¶ 7-8, Exs. E-F). As Mr. D'Angelo only entered his appearance herein on July 1, 2008, Defendants do not believe that his disqualification, and that of his firm, will cause a "substantial hardship" to Plaintiff, who is himself an attorney and the

4

former General Counsel of PSMI, according to his own resume. (DeGiuseppe Aff., Ex. G).

**ARGUMENT**
**POINT I**

**PLAINTIFF'S COUNSEL SHOULD BE DISQUALIFIED**
**UNDER THE "LAWYERS AS WITNESSES" RULE**

A.    **An Attorney Who "Ought to be Called as a Witness" Must**
      **be Disqualified**

In considering motions to disqualify attorneys, courts look to the New York

Lawyer's Code of Professional Responsibility, the ABA Model Code of Professional

Responsibility, and the ABA Model Rules of Professional Conduct. *Blue Planet Software,*

*Inc. v. Games Int'l, LLC*, 331 F. Supp. 2d 273, 275 (S.D.N.Y. 2004). "When a party moves

for the disqualification of his adversary's attorney, "any doubt is to be resolved in favor of

disqualification.'" *Id.* (quoting *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir. 1975)).

The "Lawyers as Witnesses" rule in New York is set forth in Disciplinary Rule

("DR") 5-102 of the New York Lawyer's Code of Professional Responsibility. DR 5-102

*codified at* 22 NYCRR § 1200.21(2008).[3]  Under DR 5-102(A), a lawyer is prohibited at

the outset from accepting a representation, "if the lawyer knows or it is obvious that the

lawyer ought to be called as a witness on a significant issue on behalf of the client," subject

to specified exceptions, not applicable here, which are discussed below.  DR 5-102(A)

*codified at* 22 NYCRR § 1200.21(a) (2008).  A party may not choose under DR 5-102(A)

between an attorney's representation and his testimony. *MacArthur v. Bank of New York*,

5

524 F. Supp. 1205, 1209 (S.D.N.Y. 1981). "Nor may a client waive the rule's [DR 5-102(A)] protection promising not to call the attorney as a witness." *Id.*

Similarly, under DR 5-102(C),[4] if a lawyer has accepted representation and then "learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client," the lawyer is prohibited from serving "as an advocate on issues of fact before the tribunal." DR 5-102(C) *codified at* 22 NYCRR § 1200.21(c) (2008).

The "Lawyers as Witnesses" rule promotes "[s]trong policies" designed to protect "the interests of the plaintiff, the interests of the adverse party, and the reputation of the legal profession as a whole." *MacArthur*, 524 F. Supp. at 1208. In particular:

> . . . If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

*Id.* (quoting Model Code of Prof'l Responsibility Ethical Considerations ("EC") 5-9).

Applying these standards, courts have disqualified attorneys who fall under the ambit of the "Lawyers as Witnesses" rule. For example, in *Wickes v. Ward*, 706 F. Supp. 290, 292 (S.D.N.Y. 1989), the court disqualified a plaintiff's attorney in a Title VII action because he had "information crucial to [the] plaintiff's case" and the case rested

---

[3] Under the ABA Model Rules, the "Lawyers as Witnesses" rule is set forth in DR 5-101(A) and the exceptions are set forth in DR 5-101(B) which are respectively the equivalent of New York DR 5-102(A) and (B). It should be noted that some of the cited decisions use the ABA Model Rules as opposed to the New York Code.

"substantially, if not entirely" on the attorney's testimony.  More recently, in *Multi-Juice, S.A. v. Snapple Beverage Corp.,* 2003 U.S. Dist. LEXIS 7040, at *7-8 (S.D.N.Y. 2003),[5] the court disqualified an attorney who "ought to be called as a witness" because he was often the plaintiff's sole representative at meetings and to conversations related to the underlying agreement which formed the basis for the action.  *Accord Fulfree v. Manchester,* 945 F. Supp. 768, 770-72 (S.D.N.Y. 1996) (disqualifying attorney under DR 5-102 because he was a necessary witness and likely to be prejudicial to his client); *Gleason v. Zocco,* 941 F. Supp. 32, 35-36 (S.D.N.Y. 1996) (granting disqualification motion when the attorney was a vital witness and the motion was brought at the outset of the case).

**B.      Plaintiff's Counsel  "Ought To Be Called As A Witness" With Respect to His December 2004 Negotiations and Review of the Release**

Because Plaintiff's position as to the validity of the Release cannot be resolved without Mr. D'Angelo's testimony, Mr. D'Angelo should be disqualified as Plaintiff's counsel. (*See* DeGiuseppe Aff., Ex. A, Am. Compl. ¶ 60). It is not necessary for Defendants to prove that Mr. D'Angelo "will" be called as a witness as to his December 2004 negotiations with Mr. Skrypak, only that he "ought" to be called as a witness either on Plaintiff's direct case or rebuttal. *Wickes,* 706 F. Supp. at 292 (citations omitted). "If an attorney 'ought' to be called, then the mandatory nature of the rule requires the attorney's

---

[4] ABA Model Rules DR 5-102 is the equivalent of New York DR 5-102(C).
[5] A copy of this unpublished decision is annexed to the DeGiuseppe Affidavit as Exhibit H.

disqualification." *Id.*

An attorney "ought to be called as a witness" under DR 5-102(A) and (C) when "the attorney's testimony could be significantly useful to his client," *Lamborn v. Dittiner,* 873 F.2d 522, 531 (2d Cir. 1989) (*citing MacArthur,* 524 F. Supp. at 1208), and "when it is likely that the testimony to be given by a witness is necessary." *Multi-Juice, S.A. v. Snapple Beverage Corp.*, 2003 U.S. Dist. LEXIS 7040, at *7 (S.D.N.Y. 2003) (*quoting S & S Hotel Ventures Ltd. P'ship v. S.H. Corp.,* 69 N.Y.2d 437, 446, 515 N.Y.S.2d 735, 739 (1987)). "If so, he should be disqualified regardless of whether he will actually be called." *Lamborn,* 873 F.2d at 531 (*citing MacArthur,* 524 F. Supp. at 1208).

Courts have examined a number of factors to determine what testimony is "significantly useful or necessary," namely "'the significance of the matters, weight of the testimony, and availability of other evidence.'" *Kubin v. Miller,* 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992) (*quoting S & S Hotel Ventures,* 69 N.Y.2d at 446, 515 N.Y.S.2d at 739); *Multi-Juice,* 2003 WL 1961636, at *7. When there is a question of whether a lawyer may represent and testify for a client, "'doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate.'" *Wickes,* 706 F. Supp. at 292 (quoting *MacArthur,* 524 F. Supp. at 1209).

Here, Mr. D'Angelo's testimony is "significantly useful" to his client in order to explain the actions he took that led to Plaintiff signing the Release, and "necessary" to rebut an inference that he advised Plaintiff that the Release complied with the OWBPA and should be signed. Further, Mr. D'Angleo's testimony is "significantly useful" or "necessary" to rebut Mr. Skrypak's anticipated testimony concerning his negotiations with

8

Mr. D'Angelo in December 2004 with respect to the terms of the Release.  Mr.

D'Angelo's testimony as to the negotiations underlying Plaintiff's execution of the

Release will place his credibility squarely at issue throughout the trial of this action given

Mr. Skrypak's anticipated testimony on this issue.

Absent Mr. D'Angelo's testimony on this key issue, "it will be impossible for the

plaintiff[] to explain or rebut" Defendants' evidence. *Gandler v. Nazarov,* 1994 U.S. Dist.

LEXIS 10236, at *2 (S.D.N.Y. 1994).[6] Mr. D'Angelo's "success or lack thereof as a

witness may affect his success as a lawyer and vice versa" leading to prejudice against his

client and further warranting his disqualification. *Fulfree,* 945 F. Supp. at 772

(disqualifying attorney because the attorney was a material witness to core issues and his

lack of success as a witness could prejudice his client).

### C.    No Exceptions to the "Advocate-Witness" Rule Apply Here

DR 5-102(A) enumerates four exceptions to mandatory disqualification in cases

where a lawyer "ought to be called" on behalf of the client: (1) when the "testimony will

relate solely to an uncontested issue;" (2) when the "testimony will relate solely to a matter

of formality and there is no reason to believe that substantial evidence will be offered in

opposition to the testimony;" (3) when the "testimony will relate solely to the nature and

value of legal services rendered in the case by the lawyer;" and (4) when disqualification

of the attorney "would work a substantial hardship on the client because of the distinctive

value of the lawyer as counsel in the particular case."  DR 5-102(A)(1)-(4) *codified at* 22

---

[6] A copy of this unpublished decision is annexed to the DeGiuseppe Affidavit as Exhibit I.

9

NYCRR § 1200.21(a)(1)-(4) (2008). None of these exceptions apply in the present action.

As set forth above, there is a significant and central dispute concerning the validity of the Release, which by necessity will include testimony as to Mr. D'Angelo's December 2004 negotiations with Mr. Skrypak as in-house counsel for PENAC. Thus, any testimony by Mr. D'Angelo on this issue could not be considered "uncontested" or "a matter of formality" under DR 5-102(B)(l) and (2). Nor does the issue relate to the value of legal services under DR 5-102(B)(3). With respect to the final exception under DR 5-102(B)(4), there is nothing so distinctive about Mr. D'Angelo's value as counsel in this case that would work a "substantial hardship" on the Plaintiff, who himself is an attorney and the former General Counsel of PSMI.

The "substantial hardship" exception "must be narrowly construed" by courts. *Wickes*, 706 F. Supp. at 293; *MacArthur*, 524 F. Supp. at 1210. In fact, "[h]ardship alone, however substantial, is insufficient to permit continued representation." *MacArthur*, 524 F. Supp. at 1210. Plaintiff, who himself is an attorney, has proceeded *pro se* in this action for the past year and Mr. D'Angelo has only appeared as counsel of record since July 1, 2008. "Accordingly, the prejudice to plaintiff of having to change counsel at this stage of the proceeding - and the 'tactical advantage' to the defendant - are insignificant." *Gleason*, 941 F. Supp. at 36 (granting disqualification motion when the attorney was a "vital" witness and the motion was brought at the outset of the case).

Furthermore, there is nothing unique about age discrimination and breach of contract claims. There is no reason to believe that a different lawyer would not be able to evaluate and, if appropriate, advocate for these claims in a competent and professional

10

manner. *Wickes,* 706 F. Supp. at 293 (disqualified attorney did not "provide[] any distinctive value" to the case); *Gandler,* 1994 U.S. Dist. LEXIS 10236, at *3 (finding that a breach of contract issue was "not so complex a matter that effective substitute counsel cannot be found"). While there might be a minimal delay and added expense to the Plaintiff, those are not substantial hardships. Courts have stated that "if the expense and delay routinely incident to disqualification satisfied the substantial-hardship exception, that exception would soon swallow the rule." *MacArthur,* 524 F. Supp. at 1210. Accordingly, Plaintiff can claim no exception to the "Lawyers as Witnesses" rule under which Mr. D'Angelo could testify and continue to represent him.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request the Court to grant their motion to disqualify Mr. D'Angelo and his firm from their continued representation of the Plaintiff in this action, and to award such other relief as may be just and proper, including attorneys' fees and costs.

Dated:  White Plains, New York
       August 26, 2008

Bleakley Platt & Schmidt, LLP

By: _____
       Joseph DeGiuseppe, Jr.(JD6376)
       Attorneys for Defendants
       One North Lexington Avenue
       White Plains, New York 10601
       (914) 949-2700

11