# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN W. BUCKLEY

_____

_____

_____

NAME OF PLAINTIFF(S)

**07 CIV. 6775**

v.

COMPLAINT **ROBINSON**

PHILIPS ELECTRONICS NORTH AMERICA CORP.

PHILIPS SEMICONDUCTOR MANUFACTURING, INC.

_____

NXP SEMICONDUCTORS

NAME OF DEFENDANT(S)

JURY TRIAL
DEMANDED

This action is brought for discrimination in employment pursuant to *(check only those that apply)*:

_____  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
*NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

___X___  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166).
*NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission*

Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. §§ 1331, 1343.    Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1.    Plaintiff resides at:

60 WOODCREST DRIVE , HOPEWELL JUNCTION ,
*Street Address* *City*

DUTCHESS , NY , 12533 , (845) 264-5212 .
*County* *State* *Zip Code* *Telephone Number*

2.    Defendant(s) lives at, or its business is located at:
(D-1) 1251 Ave. of the Americas      New York, NY
(D-2) 2070 Route 52                  Hopewell Junction,
(D-3)   "       "      "            ", _____ ", _____ ,
*Street Address* *City*

(D-1) New York        NY      10020      (212) 536-0626
(D-2) Dutchess        NY      12533      (845) 902-1400
(D-3)   "             "       "          " .
*County* *State* *Zip Code* *Telephone Number*

3.    The address at which I sought employment or was employed by the defendant(s) is:

2070 Route 52 ,
*Street Address*

Dutchess , Hopewell Jct. , NY , 12533 .
*County* *City* *State* *Zip Code*

4.    The discriminatory conduct of which I complain in this action
includes *(check only those that apply)*:

_____        Failure to hire me.

__X___        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

__X___        Retaliation Reinstatement denied for complaining
              of age discrimination
_____        Other acts *(specify)*:_____.

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity
Commission can be considered by the federal district court.*

5.    It is my best recollection that the alleged discriminatory
acts occurred on:  12/31/2004- termination date _____.
                   <sub>Date</sub>

6.    I believe that defendant(s) *(check one)*

          _____    is still committing these acts against me.

          __X___    is <u>not</u> still committing these acts against me.


7.    Defendant(s) discriminated against me based on my:

          *(check only those that apply and explain)*

     [ ]    race _____     [ ]    color _____

     [ ]    gender/sex _____      [ ]    religion _____

     [ ]    national origin _____

     [X]    age 52 on 12/31/04My date of birth is: 10/25/1952
                                                    <sub>Date</sub>

     [ ]    disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity
Commission can be considered by the federal district court.*

3

8.  The facts of my case are as follows:

On December 31, 2004, Philips Semiconductor Manufacturing, ("PSM")
terminated me from my position as General Counsel of its East Fishkill,
New York manufacturing plant. PSM is an affiliate of Philips' Electronics
North America Corp. and the predecessor entity of NXP Semiconductors.
I was terminated because of my age, in violation of the Age in Discrimin-
ation in Employment Act.
My performance at PSM was always appraised as very good, if not
excellent. I regularly participated in PSM's Outstanding Contributor
bonus pool, its Stock Option Plan and,       See Exhibit A

*(Attach additional sheets as necessary)*

**Note:**   *As additional support for the facts of your claim, you
may attach to this complaint a copy of the charge filed
with the Equal Employment Opportunity Commission, the New
York State Division of Human Rights, or the New York City
Commission on Human Rights.*

See Exhibits "B" and "C"

9.  It is my best recollection that I filed a charge with the New
York State Division of Human Rights or the New York City Commission
on Human Rights regarding defendant's alleged discriminatory
conduct on: ____N/A_____.
                        *Date*

10.  It is my best recollection that I filed a charge with the
Equal Employment Opportunity Commission regarding defendant's
alleged discriminatory conduct on: ____2/22/2005_____.
                                        *Date*

Only litigants alleging age discrimination must answer Question # 11.

11.  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*,

    __X__    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

12.  The Equal Employment Opportunity Commission (check one):

    _____    has <u>not</u> issued a Right to Sue letter.

    __X__    <u>has</u> issued a Right to Sue letter, which I received on  5/02/2007
                                              *Date*

NOTE:    *Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.*

See Exhibit "D"

WHEREFORE, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_____
*PLAINTIFF'S SIGNATURE*

Dated:  July 27, 2007

5

Exhibit A                                    **Exhibit A**

Paragraph 8 continued

in 2002, received a $25,000 General Manager's award for securing $38 million in tax credits for PSM.

In May 2004, my manager advised me that PENA was transitioning to a "shared services" Legal Department, effective January 1, 2005. He stated that I would report to Sies Plokker, PENA's Senior Vice President and General Counsel in a position that would include my current responsibilities and remote support of other Philips locations.

In August 2004, without warning or notice and despite my long time service, track record of significant accomplishments and Sies Plokker's representations, James Casey, Philips Semiconductor's California General Counsel advised me that I would be terminated on December 31, 2004.

As set forth below, I believe that the decision to terminate me was based solely on my age, in violation of the Age Discrimination in Employment Act:

1. I was the only attorney of over 70 attorneys employed by Philips' North American entities to be terminated during the transition to a shared services Legal Department.

2. At the time of my termination, there were at least two employment requisitions in the Philips Semiconductors' "Careers" database. Both positions involved job specifications identical to those I had performed as General Counsel of the East Fishkill plant. Neither of these positions was offered to me. In fact, Mr. Casey affirmatively stated that I was ineligible to apply for these jobs because they were to be based in California. He never inquired whether I would be interested in relocating or why these positions had to be located in California. His position flew in the face of Philips' transition to a shared services department where it was anticipated, and in fact, desired that attorneys handle multiple matters from remote locations.

3. My termination at age 52 provided a significant financial advantage to PENA. Under PENA's Defined Benefit Pension Plan, I was entitled to retire at age 55 with annual benefits of over $70,000 plus retiree medical benefits. By terminating me at age 52, PENA delayed payment of any pension plan benefits until age 65, reduced the annual benefit to $55,000 and completely avoided providing retiree medical benefits. Over an anticipated life span of 72 years, PENA will save over $800,000 in plan benefit payments and over $300,000 in estimated medical payment coverage. PENA was motivated to terminate me because of my age and proximity to qualifying for full pension plan benefits to save money.

4. Within a short time of my termination date, PSM terminated dozens of similarly situated older workers who also participated in its defined benefit pension plan and were approaching the un-penalized retirement date. We were targeted for the plant's reduction in force because of our age and participation in PENA's Defined Benefit Pension Plan.

5. Despite my high level and superior performance, PENA senior executives in New York, California and their managers in the Netherlands refused to respond to or even acknowledge my repeated efforts during the Fall of 2004 to address my concerns. I can only conclude that this uncharacteristic behavior was motivated by their desire to methodically terminate older pension plan participant employees.

My release of claims under the Severance Agreement I signed is invalid. The release was not in compliance with the Older Workers Benefit Protection Act ("OWBPA"). I was terminated as part of a larger PSM reduction in force in East Fishkill and was one of numerous employees who were terminated and offered severance packages. Under these circumstances, the OWBPA required that I receive 45 days to consider the severance agreement rather than the 21 days I was given. Further, PSM failed to give me the OWBPA required information about the ages and job titles of individuals eligible or selected for termination or the ages and job titles of individuals not eligible or selected for termination.

In addition to the pension plan benefit reduction penalty and the value of the lost retiree medical benefits, I respectfully request the Court find that my measure of damages include the value of a 2004 Key Employee incentive that was denied me, the value of lost stock options, the value of fourteen months of un-reimbursed COBRA medical plan payments, back pay for January 1, 2005 through November 1, 2007 which was my scheduled un-penalized retirement date and punitive damages.

**Exhibit B**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

**CHARGING PARTY**
*John Buckley*
c/o Chistopher A. D'Angelo, Esq.
Vandenberg & Feliu, LLP
110 East 42nd Street
New York, NY 10017

**RESPONDENT**
*Philips Semiconductor Manufacturing, Inc./*
*Philips Electronics North America*
c/o John K. Shrypak, VP, Esq. &
Gerald R. Whitcomb, Senior Counsel
Labor and Employment Law
Philips Electronics North America
1109 McKay Drive
San Jose, CA 95131-1706

Re:    *Buckley  v.  Philips Semiconductors Manufacturing/Philips Electronics North America.*
       EEOC Charge No. 160-2005-01281

### DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("Commission"), I issue the following determination as to the merits of the subject charge filed under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"). Timeliness and all other jurisdictional requirements have been met.

The Charging Party, John Buckley, has established a prima facie case of employment discrimination under the ADEA with respect to his age (DOB: 10/25/1952), and alleged harm, termination.

Charging Party alleges that he was terminated on December 31, 2004. Charging Party also alleges that in August of 2004, Respondent informed him that his position was being eliminated and that he would be terminated effective December 31, 2004. Charging Party alleges that although numerous other similar positions were vacant and available, he was not offered another position with the Respondent.

Specifically, Charging Party alleges that that Respondent deemed him ineligible for two legal positions which were listed in Respondent's "Careers" database based on the location of the

*Buckley  v.  Philips Semiconductors Manufacturing, Inc.*
EEOC Charge No. 160-2005-01281
Page 2 of 3

positions (California).  Charging Party P alleges that the rationale behind a "shared services" Legal Department is that attorneys can handle issues on a remote basis throughout the country.

Charging Party alleges that Respondent wanted to avoid having to pay him a substantial amount of money in pension related costs, which he would have received as a retirement package, if he continued working for the Respondent for three (3) more years, based on Respondent's retirement formula. Charging Party also alleges that he was retaliated against by Respondent for complaining of age discrimination.  Charging Party further alleges that the settlement and general release agreement he signed after he was notified of his termination may not be in compliance with the Older Workers Benefits Protection Act ("OWBPA"). Charging Party also states that numerous other similarly situated senior executives in their mid to late 50's employed by Respondent were also terminated.

Respondent denies the claims of age discrimination.  Respondent states that Charging Party signed a settlement and general release agreement, which releases the Respondent from all age discrimination claims under the ADEA.  Respondent alleges that the waiver Charging Party signed is valid and enforceable.  Respondent states that the elimination of Charging Party's position was not a part of the company's broader reorganization; Charging Party was the only attorney terminated as a result of Respondent's transition to a "shared services" legal department. Contrary to Charging Party's allegation regarding similarly situated senior executives, Respondent alleges that the other individuals no longer employed with Respondent are not comparable to Charging Party because they participated in a voluntary reduction in force.

The Commission's investigation supports Charging Party's allegations that Respondent discriminated against Charging Party on the basis of his age, in that his termination took place as an overall part of a larger reduction in force. There is evidence to support, and reasonable cause to believe, that Charging Party was subjected to disparate treatment because of his age, as it applies to his termination from employment.

Based on an analysis of the information provided by both parties, the Commission concludes that Respondent has violated the ADEA when it discharged Charging Party because of his age, and denied him reinstatement in retaliation for complaining of age discrimination.

*Buckley  v.  Philips Semiconductors Manufacturing, Inc.*
EEOC Charge No. 160-2005-01281
Page  3  of  3

Based on the determination above, the Commission now invites the parties to join with it in a collective effort toward a just resolution of the matter. A representative of this office will be in contact with each party in the near future to begin the conciliation process. Disclosure of the information obtained by the Commission during the conciliation process will be made in accordance with Section 1601.26 of the Commission's Procedural regulations. If the Respondent declines to enter into settlement discussions, or if the Commission's representative is unable to secure a settlement acceptable to the Office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission.

On Behalf of the Commission

03 | 23 | 07
Date:

Spencer H. Lewis, Jr.
District Director

cc: File



**U.S. Equal Employment Opportunity Commission**
**New York District Office**

33 Whitehall Street
5th Floor
New York, NY 10004
(212) 336-3620
TTY (212) 336-3622
FAX (212) 336-3625
1-800-669-4000

Respondent: PHILIPS SEMICONDUCTORS MANUFACTURIN
EEOC Charge No.: 160-2005-01281
FEPA Charge No.:

**Exhibit** C

Mar 02, 2005

John  Buckley
50 Woodcrest Drive
Hopewell  Junction, NY 12533

Dear Mr. Buckley:

This is to acknowledge receipt of the above-numbered charge of employment discrimination against the above-named respondent. Please use the "EEOC Charge No." listed above whenever you call us about this charge.  The information provided indicates that the charge is subject to:

[ ]    Title VII of the Civil Rights Act of 1964 (Title VII)

[ X ]    The Age Discrimination in Employment Act (ADEA)

[ ]    The Americans with Disabilities Act (ADA)

[ ]    The Equal Pay Act (EPA)

You need do nothing further at this time.  We will contact you when we need more information or assistance.  A copy of the charge or notice of the charge will be sent to the respondent within 10 days of our receipt of the charge as required by our procedures.

[ X ]    Please be aware that we will send a copy of the charge to the agency listed below as required by our procedures.  If the charge is processed by that agency, it may require the charge to be signed before a notary public or an agency official.  Then the agency will investigate and resolve the charge under their statute.  If this occurs, section 1601.76 of EEOC's regulations entitles you to ask us to perform a Substantial Weight Review of the agency's final finding.  To obtain this review, a written request must be made to this office within 15 days of receipt of the agency's final finding in the case.  Otherwise, we will generally adopt the agency's finding as EEOC's.

New York State Division Of Human Rights
Federal Contract Unit
One Fordham Plaza, 4 Fl.
Bronx, NY 10458

Please notify this office of any change in address or of any prolonged absence from home.  Failure to cooperate in this matter may lead to dismissal of the charge.

Sincerely,

Electra Yourke
Supervisory Investigator
(212) 336-3751

Office Hours: Monday - Friday, 8:30 a.m. - 5:00 p.m.
TDD: 1-800-669-6820
www.eeoc.gov

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 160-2005-01281 |

and EEOC

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Date of Birth |
|---|---|
| John Buckley | 10/25/52 |

Street Address                                        City, State and ZIP Code

50 Woodcrest Drive, Hopewell Junction, NY 12533

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Philips Semiconductors Manufacturing | 1000+ | 845-902-1400 |

Street Address  Hudson Valley Research Park  City, State and ZIP Code
2070 Route 52, P.O. Box 1279, Hopewell Junction, NY 12533

| Name | No. Employees, Members | Phone No. with Area Code |
|---|---|---|
| Philips Electronic North America | 1000+ | 212-536-0626 |

Street Address                                        City, State and ZIP Code
1251 Avenue of the Americas, New York, NY 10020

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                    Latest |

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

December 31, 2004

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached.

RECEIVED
FEB 2 2 2005
EEOC-NYDO-CRTIU

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year ) |
| _____     _____ | |
| Date          Charging Party Signature | |

# AFFIDAVIT OF JOHN BUCKLEY



John Buckley, being duly sworn, deposes and says:

1. I was terminated from my position as General Counsel of the Fishkill plant of Philips Semiconductor Manufacturing, Inc. an affiliate of Philips Electronics North America ("PENA"), effective December 31, 2004. As set forth more fully below, I believe I was terminated because of my age, 52, in violation of the Age Discrimination in Employment Act.

2. I had been an employee of Philips Semiconductors and its predecessor organizations for over twenty-six years. I started out with IBM in 1978, in the corporate Tax Department. My last position at IBM was as Senior Tax Attorney. My performance at IBM was always considered very good, if not exceptional.

3. In 1994, IBM entered into a joint venture with Cirrus Logic, creating a partnership called MiCRUS. I became an employee of MiCRUS, and was its General Counsel from 1995 to 2000. My performance at MiCRUS was always considered very good, if not exceptional.

4. When MiCRUS was formed, all employees of IBM who went to MiCRUS took their full pension benefits to MiCRUS, which created its own defined benefit plan. All of the assets of the IBM plan covering the now MiCRUS employees were put into that defined benefit plan. I and the other employees also retained their length of service, as though we were still employed by IBM. Thus, as of February 2000, I had 22 years of service in the MiCRUS plan.

5. On or about June 15 2000, Philips, KV purchased MiCRUS. I became an employee of Philips Semiconductor Manufacturing, Inc. and General Counsel of its' Fishkill plant, a position I held until December 31, 2004.

6. When the transaction occurred, the MiCRUS plan was terminated, and I became a vested participant in the Philips North America defined benefit plan. It is my understanding that I retained my length of service, so that as of June 2000 I had over 22 years of service credit in the Philips' plan.

7. The Philips plan contains a "Rule of 85" benefit calculation formula. Pursuant to this rule, if a participant's age and length of service add up to 85, the participant can take early retirement starting at the age of 55, with full retirement benefits, including retiree health benefits.

8. My performance at Philips Semiconductor Manufacturing, Inc. was always appraised as very good if not excellent. I regularly participated in

the company's Outstanding Contributor bonus pool, and always received very high marks from my boss, Lloyd Young, on my reviews. In fact, in my last review, which I received in early 2004, I was rated at the highest level in most categories, and received an overall evaluation of "2". Out of the 900 employees in Fishkill, I believe only two other individuals, and only one of them a senior executive like me, received such a high overall rating.

9. As a result of my 2003 performance rating, I was told by Lloyd Young that I would participate in the bonus payout to be made in 2004. He even showed me a letter to this effect.

10. In May 2004, I was advised that PENA was transitioning to a "shared services" legal department, effective January 1, 2005. I was told at the time by Lloyd Young that I would be reporting to Sies Plockker, PENA's Senior Vice President and General Counsel, in a position that would include support of the Fishkill facility and other remote support responsibilities. Mr. Plokker advised Mr. Young that he was preparing a job description that would be available for me some time over the summer.

11. In August 2004, without any warning or notice, and despite my long-time service and excellent performance, I was told by James Casey, General Counsel of Philips Semiconductors, that my position in Fishkill would be eliminated, and that I would be terminated effective December 31, 2004.

12. As set forth below, I believe that the decision to terminate my employment was based on my age, in violation of federal law.

13. I believe that I am the only attorney to have lost a job as a result of the transition to the "shared services" legal department. In fact, at the same time I was told of my termination, there were numerous positions that were vacant and available. For example, there were two employment requisitions for legal positions in the Philips Semiconductors' "Careers" database. Both positions were within Philips Semiconductors', and both involved tasks and duties identical to those I had performed as General Counsel of the Fishkill plant. When I spoke to Mr. Casey about these positions, however, he told me that I was "ineligible" to apply for these jobs, since they were located in California. He never inquired as to whether I would be interested in relocating. More importantly, he never explained why it was imperative that these positions be located in California. Indeed, the whole rationale behind a "shared services" legal department is that attorneys can handle multiple matters on a remote basis throughout the country.

14. My termination at the end of 2004 also has a financial benefit for Philips.

I had made it known that my plan was to remain at Philips until age 55, which would qualify me for an unpenalized retirement under the "Rule of 85". I would have been able to retire at any time thereafter with a full pension of over $70,000 per year, plus retiree medical benefits. With my forced termination in 2004, I am deprived of that opportunity, and will lose over 1 million dollars in pension and benefits as a result. I believe Philips was motivated by a desire to avoid these financial obligations when it made the decision to terminate my employment. Under benefits funding laws, as I understand them, the termination of my employment within three years of retirement has a significant financial benefit to Philips.

15.   Additional evidence that age was a factor in my termination is that numerous other senior executives who are in their mid to late 50's have been terminated or forced out of the company as well, at or about the same time I was terminated.

16.   I was also advised that I would not be receiving the bonus that Lloyd Young had told me I would receive earlier in the year. There is no rational basis for excluding me from receiving this bonus. I can only conclude that it was somehow motivated by my age.

17.   Before my termination I made numerous attempts to resolve these issues internally with various senior executives at Philips. To my chagrin, not only were my efforts unsuccessful, they were completely ignored.

18.   As part of my termination I was offered a severance package of twenty-six weeks pay, in exchange for signing a release of claims. After a great deal of thought and consultation, I decided to sign the agreement, even though I believe I have been discriminated against. I did not have another job, and financially I could not afford to pass up the package that I was offered (I have one daughter in law school, one in college and one in high school).

19.   Nevertheless, it is possible that the release I signed is not in compliance with the Older Workers Benefits Protection Act ("OWBPA"). It is my understanding that several other individuals were terminated and offered severance packages at or about the same time that I was terminated, and that there has been a reduction in force in Fishkill. It is my understanding that the OWBPA requires that under such circumstances, I should have been given 45 days to consider the release, and I should have been given information about the age and job titles of individuals eligible or selected for termination, and the ages and job titles of individuals not eligible or selected for termination. I was only given twenty-one days to consider the release, and no such information was provided to me.

20.    Moreover, I was told that the agreement was a take it or leave it deal, and that I could not negotiate any changes or enhancements to the package I was offered. This is evident not only by statements from Philips lawyers and executives, but from the way in which I was treated when I raised what I considered reasonable points with respect to my situation. As stated above, my requests were not just rejected. They were completely ignored.

21.    For these reasons as well as others I am prepared to address with the EEOC, I believe that I have been discriminated against on the basis of my age, in violation of federal law.


_John W. Buckley_
John Buckley

Sworn to before me
this 16th day of February, 2005

_Rosemarie S Giammatteo_
Notary Public
Rosemarie S Giammatteo
Notary Public, State of New York
No. 01GI61156650
Commission Expires 09-13-2008



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5ᵗʰ Floor
New York, New York 10004-2112
Telephone: (212) 336-3646
FAX: (212) 336-3633

## AGREEMENT TO MEDIATE

**CHARGE NUMBER:** *160 2005 01281*

This is an agreement by the parties to participate in mediation concerning the charge of _____ v. _____

We understand that mediation is a voluntary process, which we may terminate at any time.

The parties and, if they desire, their representatives are invited to attend the mediation sessions. No one else may attend without the permission of the parties and the consent of the mediator.

The mediator will not function as the representative of either party. However, the mediator may assist the parties in understanding their rights and the terms of any proposed settlement agreement. Each party acknowledges having been informed of the right to consult with an attorney of his or her choosing before signing any agreement.

We agree that the mediator has the discretion to terminate mediation at any time if he or she believes that the case is inappropriate for mediation or that an impasse has been reached.

We hereby affirm that we will come to the EEOC with the authority to enter into a binding agreement, and that we will enter the mediation process with a good faith intent to settle this dispute during the EEOC mediation session.

We recognize that the mediation process is a confidential proceeding and agree to abide by the Confidentiality Agreement which is attached.

The parties acknowledge that if a settlement is reached as a result of the mediation, the assigned mediator is required to report to EEOC any benefits received. This information is reported only for purposes of providing aggregate data to the EEOC for Mediation program evaluation purposes, and the individual terms of the agreement will not be disclosed to the public.


**Charging Party**                    **Date**        **Respondent**                    **Date**


**Charging Party's Representative    Date**        **Respondent's Representative        Date**

EEOC Form 161-A (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                    **Exhibit D**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:  John Buckley                          From:  New York District Office
     50 Woodcrest Drive                           33 Whitehall Street
     Hopewell Junction, NY 12533                  5th Floor
                                                  New York, NY 10004

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01281 | Patricia M. Araujo, Investigator | (212) 336-3681 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____          04/30/07
Spencer H. Lewis, Jr.,                   *(Date Mailed)*
Director

Enclosures(s)

cc:  PHILIPS SEMICONDUCTORS MANUFACTURING/        Christopher A. D' Angelo, Esq.
     PHILIPS ELECTRONICS NORTH AMERICA
     Jill Sprague, Esq., Law Department           Vandenberg & Feliu, LLP
     1109 McKay Drive, Mailstop 54 SJ,            110 EAST 42ND STREET
     San Jose, CA 95131-1706                      New York, NY 10017