# EXHIBIT H

LEXSEE 2004 U.S. DIST. LEXIS 10510

SUE DOWNES, Plaintiff, -v.- J.P. MORGAN CHASE & CO., EMPLOYEE
WELFARE BENEFIT PLANS, EMPLOYEE BENEFIT PLANS, 401K SAVINGS
PLAN AND EMPLOYEE STOCK OPTION PROGRAM, Defendants.

03 Civ. 8991 (GEL)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
NEW YORK

*2004 U.S. Dist. LEXIS 10510; 33 Employee Benefits Cas. (BNA) 1273*

June 3, 2004, Decided
June 8, 2004, Filed

**SUBSEQUENT HISTORY:** Magistrate's recommendation at, Summary judgment proceeding at *Downes v. JP Morgan Chase & Co., 2006 U.S. Dist. LEXIS 13582 (S.D.N.Y., Mar. 21, 2006)*

**DISPOSITION:** [*1] Defendant's motion to dismiss granted in part and denied in part. Plaintiff's first, second, and third claims dismissed. Plaintiff's seventh claim partially dismissed insofar as it sought compensation for alleged violations outside applicable limitations period.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff sued defendant under the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C.S. § 1001 et seq.*, *29 U.S.C.S. § 206(d)(1)* of the Equal Pay Act, and New York law, alleging wrongful denial of benefits and pay discrimination. Defendant moved to dismiss.

**OVERVIEW:** Plaintiff alleged that defendant misclassified her as a consultant or independent contractor rather than as an employee in order to deprive her of benefits. She also alleged that defendant paid similarly-situated male employees more than plaintiff received. The court found that plaintiff could not bring a claim under *29 U.S.C.S. § 1109* of ERISA, which did not provide a private right of action for individual damages. Her claim under *29 U.S.C.S. 1132(a)(1)(B)* was time barred because the alleged wrongful act occurred when plaintiff was misclassified, which took place outside the six-year limitations period. It could not seriously be maintained that plaintiff lacked actual knowledge that she was not receiving benefits until some time within the limitations period. The continuing violation doctrine was inapplicable. Plaintiff's ERISA discrimination claim under *29 U.S.C.S. § 1140* was time barred and also failed on the merits. However, plaintiff sufficiently alleged claims for denial of continuing coverage in violation of the Consolidated Omnibus Budget Reconciliation Act (COBRA) and for violation of the Equal Pay Act. The court did not address the state law claims.

**OUTCOME:** Defendant's motion to dismiss was granted with respect to the ERISA claims and as to any COBRA violations that occurred outside the limitations period. The motion to dismiss was otherwise denied.

**LexisNexis(R) Headnotes**

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN1] In deciding a motion to dismiss, a court need not and does not accept as true legal conclusions couched as factual allegations.

*Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims*
[HN2] On a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*, a court must accept as true all well-pleaded factual allegations in the complaint and view them in the

Case 7:07-cv-06775-SCR-GAY   Document 23-9   Filed 08/26/2008   Page 3 of 14

Page 2
2004 U.S. Dist. LEXIS 10510, *1; 33 Employee Benefits Cas. (BNA) 1273

light most favorable to the plaintiff, drawing all reasonable inferences in her favor. The court will not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Breach of Fiduciary Duty*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciaries > Personal Liability*
[HN3] Section 409 (*29 U.S.C.S. § 1109*) of the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C.S. § 1001 et seq.*, makes fiduciaries liable for breaches of the standard of care set forth in § 404 of ERISA (*29 U.S.C.S. § 1104*). But it makes them liable to the plan, not to individuals. Section 409(a) provides in part that a fiduciary shall be personally liable to make good to an ERISA plan any losses to the plan resulting from his or her breach, and to restore to such plan any wrongful profits of such fiduciary. *29 U.S.C.S. § 1109(a)*. ERISA § 409 therefore does not provide a private right of action for individual damages; suits under § 409 must seek recovery on behalf of the plan as a whole.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Fiduciaries > Fiduciary Responsibilities > General Overview*
[HN4] In general, fiduciaries under the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, must act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. *29 U.S.C.S. § 1104(a)(1)(B)*.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Suits to Recover Plan Benefits*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Equitable Relief > Declaratory Relief*
[HN5] Section 502(a)(1)(B) (*29 U.S.C.S. § 1132(a)(1)(B)*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, gives participants in or beneficiaries of plans a right of action to recover benefits due to them under the terms of the plan(s), or to clarify their rights to future benefits.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Equitable Relief > Injunctive Relief*
[HN6] *29 U.S.C.S. § 1132(a)(3)* provides a right of action to a "participant, beneficiary or fiduciary" seeking to enjoin violations of an Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, plan or to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of the title or the terms of the plan.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Equitable Relief > General Overview*
[HN7] A court should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate" for purposes of *29 U.S.C.S. § 1132(a)(3)*.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Breach of Fiduciary Duty*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN8] Insofar as a plaintiff properly alleges a § 502(a)(3) (*29 U.S.C.S. § 1132(a)(3)*) of the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C.S. § 1001 et seq.*, claim, ERISA § 413, *29 U.S.C.S. § 1113*, sets forth the applicable statute of limitations.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement*

Case 7:07-cv-06775-SCR-GAY    Document 23-9    Filed 08/26/2008    Page 4 of 14

Page 3
2004 U.S. Dist. LEXIS 10510, *1; 33 Employee Benefits Cas. (BNA) 1273

*Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
*Torts > Intentional Torts > Breach of Fiduciary Duty > General Overview*
[HN9] See *29 U.S.C.S. § 1113*.

*Governments > Fiduciary Responsibilities*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN10] For purposes of *29 U.S.C.S. § 1113*, a plaintiff has "actual knowledge," and hence the claim accrues, when she has knowledge of all material facts necessary to understand that an Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, fiduciary has breached his or her duty or otherwise violated the Act.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Suits to Recover Plan Benefits*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN11] Insofar as a New York plaintiff brings benefits claims pursuant to § 502(a)(1)(B) (*29 U.S.C.S. § 1132(a)(1)(B)*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, the statute of limitations is six years, corresponding to the controlling limitations period specified in the most nearly analogous state limitations statute. A claim under § 502(a)(1)(B) accrues upon a clear repudiation by the plan that is known, or should be known, to the plaintiff--regardless of whether the plaintiff has filed a formal application for benefits.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN12] Under both *29 U.S.C.S. §§ 1113* and *1132(a)(1)(B)*, a plaintiff's "actual knowledge" of an alleged breach triggers the statute of limitations.

*Contracts Law > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > General Overview*
[HN13] All of the district courts that have considered Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, claims made by individuals who were classified or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is considered an independent contractor and is therefore not entitled to benefits, regardless of whether she later files a formal claim for benefits.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN14] Under *29 U.S.C.S. § 1113*, the statute of limitations is "the earlier of" three years or six years from the triggering event, depending on the circumstances. Where the plaintiff had actual knowledge of the violation, the statute of limitations for her § 502(a)(3) (*29 U.S.C.S. § 1132(a)(3)*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, claim is three years.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
[HN15] That its effects continue to be felt over a period of time does not render a single, wrongful act a "continuing violation."

*Contracts Law > Defenses > Ambiguity & Mistake > General Overview*
*Contracts Law > Formation > Ambiguity & Mistake > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > General Overview*
[HN16] Where a worker's status is ambiguous, common-law agency principles determine whether he or she qualifies as an "employee" within the meaning of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.* In Darden, the United States Supreme Court reiterated these principles: the hiring

Case 7:07-cv-06775-SCR-GAY   Document 23-9   Filed 08/26/2008   Page 5 of 14

Page 5
2004 U.S. Dist. LEXIS 10510, *1; 33 Employee Benefits Cas. (BNA) 1273

*Pensions & Benefits Law > Consolidated Omnibus Budget Reconciliation Act (COBRA) > Notice*
[HN22] If, but for a defendant's wrongful misclassification, a plaintiff should have enjoyed certain Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, benefits, healthcare among them, then she can state a claim for having been denied the continuing coverage (and notice of such coverage) to which the Consolidated Omnibus Budget Reconciliation Act entitles her.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Consolidated Omnibus Budget Reconciliation Act (COBRA) > General Overview*
[HN23] Because the Consolidated Omnibus Budget Reconciliation Act (COBRA) does not contain an express statute of limitations, the relevant limitations period must be borrowed from analogous state law, and it is an open question, so far as research discloses, whether a COBRA claim brought by a plaintiff who alleges misclassification accrues from the time of the plaintiff's "actual knowledge" of that misclassification, or from the date on which COBRA benefits should first have been received.

*Labor & Employment Law > Discrimination > Gender & Sex Discrimination > Employment Practices > Compensation*
*Labor & Employment Law > Equal Pay > Equal Pay Act > General Overview*
*Pensions & Benefits Law > Equal Protection > General Overview*
[HN24] The Equal Pay Act, *29 U.S.C.S. § 206(d)(1)*, prohibits gender-based wage discrimination.

*Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation*
*Labor & Employment Law > Discrimination > Actionable Discrimination*
[HN25] The United States Supreme Court has admonished courts to heed the liberal notice-pleading standards of *Fed. R. Civ. P. 8* in employment discrimination cases.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Labor & Employment Law > Equal Pay > Equal Pay Act > Remedies*
[HN26] With respect to the statute of limitations, a two-year period generally applies to Equal Pay Act claims, although if the employer violated the Act willfully, the period is three years. A new claim accrues each time an employee receives a paycheck under a discriminatory wage policy, but the policy's existence does not make the violation a "continuing" one, such that the plaintiff can seek backpay beyond the statutory period of two or three years.

*Civil Procedure > Jurisdiction > Jurisdictional Sources > General Overview*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > Pendent Claims*
*Civil Procedure > Dismissals > General Overview*
[HN27] As a general matter, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution to the state courts.

*Pensions & Benefits Law > Employee Benefit Plans > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > State Laws*
[HN28] *29 U.S.C.S. § 1144(a)* provides for express preemption of all state laws insofar as they may now or hereafter relate to any employee benefit plan. The question is whether a plaintiff's claims "relate to" an employee benefit plan whose provision by nature requires an ongoing administrative program to meet the employer's obligation, as opposed simply to benefits.

**COUNSEL:** Shira J. Rosenfeld, New York, NY, for Plaintiff.

Mark G. Cunha, Simpson Thacher & Bartlett LLP, New York, NY (Vincent R. FitzPatrick III, on the brief), for Defendants.

**JUDGES:** GERARD E. LYNCH, United States District Judge.

**OPINION BY:** GERARD E. LYNCH

**OPINION**

Case 7:07-cv-06775-SCR-GAY   Document 23-9   Filed 08/26/2008   Page 6 of 14

Page 4
2004 U.S. Dist. LEXIS 10510, *1; 33 Employee Benefits Cas. (BNA) 1273

party's right to control the manner and means by which the product is accomplished, as evinced by a variety of indicia, including the skills required by the job, location of the work, duration of the relationship, method of payment, provision of employee benefits, tax treatment, and the worker's discretion or authority to control when and for how long he or she will work. In this regard, the parties' own classification of an employee or contractor's status is not dispositive, and hence a plaintiff is entitled to prove that, based on the array of factors listed in Darden, she was a common-law employee of the defendant's.

*Labor & Employment Law > Discrimination > Retaliation > Statutory Application > Employee Retirement Income Security Act (ERISA)*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
[HN17] Section 510 (*29 U.S.CS. § 1140*) of the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C.S. § 1001 et seq.*, makes it unlawful for an employer to discriminate against a participant or beneficiary for exercising any right to which she is entitled under an ERISA plan, or for the purposes of interfering with the attainment of any right to which such participant may become entitled under the plan.

*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN18] The statute of limitations for § 510 (*29 U.S.CS. § 1140*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, claims is two years. The claim accrues from the date on which the plaintiff knew or should have known about the alleged wrong. Because the purpose of § 510, like intentional employment discrimination cases, is to prevent actions taken for an unlawful purpose, it is the decision and the participant's discovery of this decision that dictates accrual.

*Labor & Employment Law > Discrimination > Retaliation > Statutory Application > Employee Retirement Income Security Act (ERISA)*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Vesting*
[HN19] Section 510 (*29 U.S.CS. § 1140*) of the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C.S. § 1001 et seq.*, prohibits employers from disrupting vested or soon-to-be vested employee benefits for several purposes, including, for example, to harass or retaliate against an employee, or to prevent him or her from testifying in an ERISA proceeding.

*Pensions & Benefits Law > Consolidated Omnibus Budget Reconciliation Act (COBRA) > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
[HN20] No cause of action lies under § 510 (*29 U.S.CS. § 1140*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, for "misclassification."

*Healthcare Law > Insurance > Coverage > Employee Retirement Income Security Act (ERISA)*
*Insurance Law > Group Policies > Notice Requirements*
*Pensions & Benefits Law > Consolidated Omnibus Budget Reconciliation Act (COBRA) > General Overview*
[HN21] Sections 601, 602, and 606 (*29 U.S.C.S. §§ 1161, 1162*, and *1166*) of the Employee Retirement Income Security Act of 1974, *29 U.S.C.S. § 1001 et seq.*, give covered employees the rights to the continuation of health insurance in the event of certain qualifying events and to notice of that benefit. Congress enacted these provisions, the Consolidated Omnibus Budget Reconciliation Act, to provide employees who had been covered by an employment-related group health care plan with the opportunity to elect group rate continuation of coverage under the plan in the face of some "qualifying event"--job loss or hour reduction.

Case 7:07-cv-06775-SCR-GAY    Document 23-9    Filed 08/26/2008    Page 7 of 14

Page 6
2004 U.S. Dist. LEXIS 10510, *1; 33 Employee Benefits Cas. (BNA) 1273

## OPINION AND ORDER

GERARD E. LYNCH, District Judge:

Sue Downes brought this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), *29 U.S.C. § 1001 et seq.*, the Equal Pay Act, *29 U.S.C. § 206(d)(1)*, and New York State law to recover certain employee benefits. Downes alleges that defendant J.P. Morgan Chase & Co. [1] wrongfully classified her as an independent contractor rather than as an employee and on that basis denied her, among other benefits, health care, bonuses, vacation, and severance pay. She also alleges that J.P. Morgan discriminated against her by paying similarly-situated male employees more than she received. J.P. Morgan moves [*2] to dismiss, arguing that Downes's complaint is largely time-barred and, as to most counts, fails to state a claim on the merits. For the reasons that follow, the motion will be granted in part and denied in part.

> 1   Defense counsel represents J.P. Morgan and 401K Savings Plan, and states that it is unaware of the existence of the other named defendants, but nevertheless submits this motion on behalf of any J.P. Morgan plan or program to the extent that such have been validly named and served by Downes. (D. Br. 1 n.1.) The defendants will be referred to collectively as "J.P. Morgan."

## BACKGROUND

The following facts, drawn from the complaint, must be accepted as true for purposes of this motion to dismiss. See *Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995)*. J.P. Morgan maintains and administers various benefits plans for its employees, which entitle them to health care, vacation, paid sick and holiday leave, severance, and a pension plan. (Compl. P10.) In June 1993, [*3] Downes began to perform work for Chase Manhattan Banking Corporation, J.P. Morgan's predecessor. [2] (Id. P14.)

> 2   Downes's complaint repeatedly refers to Downes as an employee and alleges that J.P. Morgan employed her. (E.g., Compl. PP3, 14-15, 34.) Insofar as Downes thereby alleges that J.P. Morgan "employed" her within the meaning of the relevant federal statutes, [HN1] the Court need not and does not accept as true such legal conclusions couched as factual allegations. *Mason v. Am. Tobacco Co., 346 F.3d 36, 39 (2d Cir. 2003)*.

In February 2003, Downes and J.P. Morgan entered into a one-year employment contract. In May 2003, Downes stopped working for J.P. Morgan because, she alleges, it discharged her. (Id. P15.) At no time did J.P. Morgan or its predecessor provide her employee benefits of any kind. (Id. PP10, 21, 35, 48.) Nor, after she ceased to perform work for J.P. Morgan, did it provide her severance pay or continuing healthcare coverage. (Id. PP27, 41.)

Downes alleges [*4] that J.P. Morgan deliberately "misclassified her as a consultant and/or independent contractor with the specific intent to deny her benefits." (Id. P38.) She also alleges that J.P. Morgan paid similarly-situated male employees, "who had jobs that required equal skill, effort and responsibility and were performed under similar working conditions," higher wages than she received. (Id. P57.)

## DISCUSSION

I. Standard on a Motion to Dismiss

[HN2] On a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*, the Court must accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff, drawing all reasonable inferences in her favor. *Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)*. The Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*.

II. ERISA Claims

The gravamen of the complaint is that J.P. Morgan misclassified Downes [*5] with the intent to deny her various benefits enjoyed by J.P. Morgan employees under ERISA-governed plans that it maintains and administers. Downes brings her first three claims under ERISA §§ 404, 502(a)(1)(B), and 510, codified, respectively, at *29 U.S.C. §§ 1104, 1132(a)(1)(B), and 1140*. J.P. Morgan argues that the statute of limitations bars all of these claims, and that each in any event fails on the merits.

Case 7:07-cv-06775-SCR-GAY    Document 23-9    Filed 08/26/2008    Page 8 of 14

Page 7
2004 U.S. Dist. LEXIS 10510, *5; 33 Employee Benefits Cas. (BNA) 1273

A. Denial of Benefits

As a threshold issue, the Court notes that while Downes brings her first two claims under distinct statutory sections, each seeks substantially the same relief: damages for benefits that Downes alleges J.P. Morgan wrongfully withheld from her. J.P. Morgan correctly argues that insofar as Downes purports to bring her first claim pursuant to ERISA § 409, *29 U.S.C. § 1109* (Compl. P32), she fails to state a claim. *ERISA § 409* [HN3] makes fiduciaries liable for breaches of the standard of care set forth in *§ 404*. [3] But it makes them liable to the plan, not to individuals. Section 409(a) provides in relevant part that a fiduciary "shall be personally liable to make good to [an ERISA] plan any losses to the [*6] plan resulting from [his or her] breach, and to restore to such plan any [wrongful] profits of such fiduciary." *29 U.S.C. § 1109(a)*. ERISA § 409 therefore does not provide a private right of action for individual damages; suits under § 409 must seek recovery on behalf of the plan as a whole. See *Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140, 87 L. Ed. 2d 96, 105 S. Ct. 3085 (1985)*; *Rudolph v. Joint Indus. Bd. of the Elec. Indus., 137 F. Supp. 2d 291, 297 (S.D.N.Y. 2001)*. To the extent that Downes purports to bring her first claim for breach of fiduciary duty "pursuant to *ERISA § 409*" (Compl. P32), she therefore fails to state a cognizable claim.

   3  [HN4] In general, fiduciaries must act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *29 U.S.C. § 1104(a)(1)(B)*.

[*7] But Downes may, and does in her second claim (Compl. PP33-36), seek essentially the same relief [HN5] under ERISA § 502(a)(1)(B), *29 U.S.C. § 1132(a)(1)(B)*, which gives participants in or beneficiaries of plans a right of action "to recover benefits due to [them] under the terms of the plan[s], or to clarify [their] rights to future benefits." Id.; see *Rudolph, 137 F. Supp. 2d at 297*. Furthermore, while the complaint does not cite ERISA § 502(a)(3), *29 U.S.C. § 1132(a)(3)*, Downes argues in her brief that she also can bring a cause of action for breach of fiduciary duty under [HN6] that subsection, which provides a right of action to a "participant, beneficiary or fiduciary" seeking to enjoin violations of an ERISA plan or "(B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." Id. (P. Br. 4-5.) While *Devlin v. Empire Blue Cross and Blue Shield, 274 F.3d 76, 89 (2d Cir. 2001)*, cited by Downes, arguably supports that argument, it is questionable (1) whether Downes seeks "other appropriate *equitable* relief" [*8] within the meaning of *§ 502(a)(3)*, see *Bona v. Barasch, 2003 U.S. Dist. LEXIS 4186, No. 01 Civ. 2289, 2003 WL 1395932, at *10-*12 (S.D.N.Y. Mar. 20, 2003)*, and (2) whether an action pursuant to *§ 502(a)(3)* can seek "*appropriate* equitable relief" where, as here, another ERISA provision (here, *§ 502(a)(1)(B)*) offers the plaintiff adequate relief. See *Varity Corp. v. Howe, 516 U.S. 489, 515, 134 L. Ed. 2d 130, 116 S. Ct. 1065 (1996)* [HN7] ("We should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"); *Mead v. Arthur Andersen, LLP, 309 F. Supp. 2d 596, 598 (S.D.N.Y. 2004)* (distinguishing Devlin on this ground).

The Court need not delve further into these issues, however, because the applicable statutes of limitations bar Downes's benefits claims whether she brings them pursuant to *§ 502(a)(3)*, that is, under the rubric of a breach of fiduciary duty, or pursuant to *§ 502(a)(1)(B)*, which explicitly authorizes actions to recover allegedly due ERISA benefits. First, [HN8] insofar as Downes properly alleges an *ERISA § 502(a)(3)* [*9] claim, ERISA § 413, *29 U.S.C. § 1113*, sets forth the applicable statute of limitations. *Caputo v. Pfizer, Inc., 267 F.3d 181, 188 (2d Cir. 2001)*. ERISA § 413 provides:

   [HN9] No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after *the earlier of* --

   (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or

   (2) three years after the earliest date on

Case 7:07-cv-06775-SCR-GAY   Document 23-9   Filed 08/26/2008   Page 9 of 14

Page 8
2004 U.S. Dist. LEXIS 10510, *9; 33 Employee Benefits Cas. (BNA) 1273

which the plaintiff had actual knowledge of the breach or violation[.]

29 U.S.C. § 1113 (emphasis added.) [HN10] A plaintiff has "actual knowledge," and hence the claim accrues, "when she has knowledge of all material facts necessary to understand that an ERISA fiduciary has breached his or her duty or otherwise violated the Act." *Caputo, 267 F.3d at 193*. Second, [HN11] insofar as Downes brings her benefits claims pursuant to ERISA § 502(a)(1)(B), [*10] 29 U.S.C. § 1132(a)(1)(B), the statute of limitations is six years, corresponding to "the controlling limitations period . . . specified in the most nearly analogous state limitations statute." *Miles v. N.Y.S. Teamsters Conference Pension and Ret. Fund, 698 F.2d 593, 598 (2d Cir. 1983)*. A claim under § 502(a)(1)(B) accrues "upon a clear repudiation by the plan that is known, or should be known, to the plaintiff -- regardless of whether the plaintiff has filed a formal application for benefits." *Carey v. International Brotherhood of Electrical Workers Local 363 Pension Plan, 201 F.3d 44, 49 (2d Cir. 1999)*; see also *Miles, 698 F.2d at 598*. [HN12] Under both statutes, the plaintiff's "actual knowledge" of the alleged breach triggers the statute of limitations.

Here, the alleged breach occurred when J.P. Morgan classified Downes as an independent contractor rather than as an employee, thereby rendering her ineligible for benefits. See *Brennan v. Metro. Life Ins. Co., 275 F. Supp. 2d 406, 409 (S.D.N.Y. 2003)* [HN13] ("All of the district courts that have considered claims made by individuals who were classified [*11] or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is considered an independent contractor and is therefore not entitled to benefits, regardless of whether she later files a formal claim for benefits."); *id. at 409-10* (collecting cases); see also *Ambris v. Bank of New York, 1998 U.S. Dist. LEXIS 15801, No. 96 Civ. 61, 1998 WL 702289, at *6 (S.D.N.Y. Oct. 7, 1998)*. J.P. Morgan's predecessor-in-interest hired Downes in June 1993. (Compl. PP6, 14.) She filed her complaint on November 14, 2003, more than ten years later. Hence, if Downes had "actual knowledge" of the breach or violation before November 14, 1997 (for her § 502(a)(1)(B) claim) or November 14, 2000 (for her putative § 502(a)(3) claim), then her claims for unpaid benefits are time-barred. [4]

    4 [HN14] Under 29 U.S.C. § 1113, the statute of limitations is "the earlier of" three years or six years from the triggering event, depending on the circumstances. Here, as explained in the text, because Downes had actual knowledge of the violation, the statute of limitations for her ERISA § 502(a)(3) claim is three years.

[*12] Downes argues that the Court cannot presume her "actual knowledge of the breach or violation." Before discovery, she contends, it would be premature to infer that she knew that J.P. Morgan had not been providing her employee benefits. This is simply implausible. It cannot seriously be maintained that Downes failed to realize that J.P. Morgan had not been providing her employee benefits for ten years. Surely, each time Downes visited a doctor, she did not fail to notice that she did not have health insurance subsidized or provided by J.P. Morgan, and each time she took a leave of absence for illness or vacation, she did not fail to notice that she received no compensation from J.P. Morgan for the days she missed work. [5]

    5 Of course, had Downes alleged in her complaint that she remained unaware of the fact that J.P. Morgan was not providing her any benefits until some date within the limitations period, the Court would have to accept that allegation as true, however unlikely it might appear, for purposes of a motion to dismiss. Significantly, Downes makes no such allegation. Under these circumstances, no rule of law requires the Court to indulge the assumption, which cannot fairly be inferred from any of the facts alleged in the complaint, that the plaintiff remained unaware of her own employment status, and had no idea she was not receiving medical, sick leave, or vacation benefits, for years after allegedly commencing full-time work for J.P. Morgan.

[*13] Nor is Downes's argument that the Court must await discovery before inferring that she knew J.P. Morgan deemed her an independent contractor from the outset supported by the cases she cites for this proposition. *Bona, 2003 U.S. Dist. LEXIS 4186, 2003 WL 1395932*, held that the plaintiffs' allegations that the "defendants' course of conduct took place over many years and attracted public attention" did not suffice to impute to them "actual knowledge" and thereby to trigger the three-year statutory deadline for breaches of fiduciary

Case 7:07-cv-06775-SCR-GAY    Document 23-9    Filed 08/26/2008    Page 10 of 14

Page 9
2004 U.S. Dist. LEXIS 10510, *13; 33 Employee Benefits Cas. (BNA) 1273

duty. *2003 U.S. Dist. LEXIS 4186, [WL] at *15. Carollo v. Cement and Concrete Workers District Council Pension Plan, 964 F. Supp. 677 (E.D.N.Y. 1997)*, simply denied summary judgment on limitations grounds where, far from establishing the plaintiff's actual knowledge of the violation, the defendants sought "further discovery on this issue." *Id. at 688*. Both *Bona* and *Carollo* thus involved claims for breach of fiduciary duty where the breach at issue would not necessarily have been obvious or immediately apparent to the plaintiff.

Here, even assuming that Downes can properly assert a claim for breach of fiduciary duty under *ERISA § 502(a)(3)* -- and it [*14] is far from clear that she can, see *Varity, 516 U.S. at 515* -- the breach that triggers the statute of limitations occurred when one or more fiduciaries of one or more of J.P. Morgan's employee benefits plans classified Downes as an independent contractor rather than as an employee, rendering her ineligible for benefits. It blinks reality to assert that Downes remained unaware of this alleged breach, for its consequences -- that she did not receive employee benefits -- would have soon, if not immediately, been apparent. Downes certainly knew that J.P. Morgan did not regard her as an employee entitled to benefits, including health insurance, vacation, and annual bonuses, before November 14, 1997, some four years after she began to work there. See *Brennan, 27 F. Supp. 2d at 409*; *Ambris, 1998 U.S. Dist. LEXIS 15801, 1998 WL 702289, at *6*. Her benefits claims based on her alleged misclassification as an independent contractor, whether brought pursuant to *ERISA § 502(a)(3)*, to which a three-year statute of limitations applies, or *§ 502(a)(1)(B)*, to which a six-year statute of limitations applies, are therefore time-barred. [6]

> 6   Downes also argues that the continuing-violation doctrine tolls the statute of limitations. But the mere allegation that J.P. Morgan continued to treat Downes as an independent contractor until terminating her employment does not suffice to plead a continuing violation, see *Schultz v. Texaco Inc., 127 F. Supp. 2d 443, 447 (S.D.N.Y. 2001)*, because the relevant breach or violation is Downes's misclassification, which occurred in 1993; [HN15] "that [its] effects . . . continued to be felt over a period of time does not render that single, wrongful act a 'continuing violation.'" *Id.* The cases Downes cites to support her continuing-violation theory did not involve misclassification. (P. Br. 8-9.) Furthermore, neither the complaint nor Downes's brief contends that J.P. Morgan's treatment of Downes fluctuated or changed materially over time, confusing her as to her formal status or causing her to be repeatedly reclassified, or to become an employee at some subsequent time. It is conceivable, but not pled, that Downes began work for J.P. Morgan as an independent contractor, but that the relationship developed over time such that, by some later date, it became employment within the meaning of ERISA. [HN16] Where a worker's status is ambiguous, common-law agency principles determine whether he or she qualifies as an "employee" within the meaning of ERISA. *Baraschi v. Silverwear, Inc., 2002 U.S. Dist. LEXIS 24515, No. 01 Civ. 11263, 2002 WL 31867730, at *3 (S.D.N.Y. Dec. 23, 2002)*, citing *Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 117 L. Ed. 2d 581, 112 S. Ct. 1344 (1992)*. In *Darden*, the Supreme Court reiterated these principles: "the hiring party's right to control the manner and means by which the product is accomplished," as evinced by a variety of indicia, including the skills required by the job, location of the work, duration of the relationship, method of payment, provision of employee benefits, tax treatment, and the worker's discretion or authority to control when and for how long he or she will work. *503 U.S. at 323-24* (internal quotation marks omitted); see also *Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 114 (2d Cir. 2000)*. In this regard, "the Second Circuit has warned that the parties' own classification of an employee or contractor's status is not dispositive," and hence that the plaintiff "is entitled to prove that, based on the array of factors listed in *Darden*, she was a common-law employee of [the defendant's]." *Baraschi, 2002 U.S. Dist. LEXIS 24515, 2002 WL 31867730, at *4*, citing *Sharkey v. Ultramar, 70 F.3d 226, 232 (2d Cir. 1995)*. Downes alleges that she was an employee from the outset of her relationship with J.P. Morgan; she does not allege any facts suggesting that she became an "employee" at a later time. If discovery has yielded evidence suggesting that Downes, while not initially hired by J.P. Morgan as an employee, in time became a *de facto* employee under common-law agency principles,

Case 7:07-cv-06775-SCR-GAY  Document 23-9  Filed 08/26/2008  Page 11 of 14

Page 10

2004 U.S. Dist. LEXIS 10510, *14; 33 Employee Benefits Cas. (BNA) 1273

the Court would be inclined to grant her leave to replead her claims for employee benefits insofar as not time-barred.

[*15] B. Discrimination

Downes's third ERISA claim (Compl. PP37-39) is likewise time-barred, but in any event fails to state a claim on the merits. ERISA § 510, *29 U.S.C. § 1140*, [HN17] makes it unlawful for an employer to "discriminate against a participant or beneficiary for exercising any right to which she is entitled under" an ERISA plan, "or for the purposes of interfering with the attainment of any right to which such participant may become entitled under the plan." Downes alleges that J.P. Morgan violated § 510 "by misclassifying her as a consultant and/or independent contractor with the specific intent to deny her benefits." (Compl. P38.)

The parties agree that [HN18] the statute of limitations for *ERISA § 510* claims is two years. (D. Br. 9-10; P. Br. 13.) See *Sandberg v. KPMG Peat Marwick, L.L.P. 111 F.3d 331, 336 (2d Cir. 1997)*. Again, the claim accrues from the date on which Downes knew or should have known about the alleged wrong, that is, her misclassification with intent to deny her benefits. *Tolle v. Carroll Touch, Inc., 977 F.2d 1129, 1140-41 (7th Cir. 1992)* ("Because the purpose of *Section 510*, like intentional employment [*16] discrimination cases, is to prevent actions taken for an unlawful purpose, it is the decision and the participant's discovery of this decision that dictates accrual."). For the reasons set forth above, Downes undoubtedly knew, well before November 14, 2001 (two years before she filed her complaint), that J.P. Morgan deemed her an independent contractor, not an employee. Her *ERISA § 510* claim is therefore time-barred.

In any event, this allegation fails to state a claim. *ERISA § 510* [HN19] prohibits employers from disrupting vested or soon-to-be vested employee benefits for several purposes, including, for example, to harass or retaliate against an employee, or to prevent him or her from testifying in an ERISA proceeding. See *Sandberg, 111 F.3d at 334*. But here, as in *Williams v. American International Group, Inc., 2002 U.S. Dist. LEXIS 17886, No. 01 Civ. 9673, 2002 WL 31115184 (S.D.N.Y. Sept. 23, 2002)*, "[Downes] does not allege any disruption of her employment that was designed to preclude her from obtaining benefits; instead, she contends that the act of hiring her as an [independent contractor], instead of as a regular employee, is itself a violation of *§ 510*. This position [*17] is untenable in law." *2002 U.S. Dist. LEXIS 17886, [WL] at *2*; accord, *Schwartz v. Independence Blue Cross, 299 F. Supp. 2d 441, 450 (E.D. Pa. 2003)* [HN20] (no cause of action lies under *§ 510* for "misclassification"). Downes therefore fails to state a claim under *ERISA § 510*.

IV. The COBRA Claim

Downes brings her fourth claim pursuant to ERISA §§ 601, 602, and 606, *29 U.S.C. §§ 1161,1162*, and *1166*, [HN21] which give covered employees the rights to the continuation of health insurance in the event of certain qualifying events and to notice of that benefit. Congress enacted these provisions, the *Consolidated Omnibus Budget Reconciliation Act ("COBRA")*, "to provide employees who had been covered by an employment-related group health care plan with the opportunity to elect group rate continuation of coverage under the plan in the face of some 'qualifying event' -- job loss or hour reduction." *Hubicki v. Amtrak Nat'l Passenger R.R. Co., 808 F. Supp. 192, 196 (E.D.N.Y. 1992)*. Downes thus seeks post-discharge healthcare benefits under some J.P. Morgan group plan. J.P. Morgan moves to dismiss this claim on three grounds.

First, J.P. Morgan contends that because [*18] Downes alleges that it "fraudulently" denied her benefits (Compl. P41), she must plead with particularity pursuant to *Fed. R. Civ. P. 9(b)*, which she did not. This appears to be no more than a trivial pleading error. Read as a whole, the complaint does not allege fraud in connection with J.P. Morgan's refusal to offer Downes COBRA benefits, any more than it does in connection with her other ERISA claims, and Downes does not contend otherwise in her brief. Simply deleting the word "fraudulently" would cure the pleading, and while granting Downes leave to replead to make this change would certainly be appropriate, it would also be a needless formality.

Second, J.P. Morgan argues that because Downes never enjoyed healthcare coverage in the first place, she cannot logically have "lost" that coverage or be entitled to its "continuation." This argument begs the question. [HN22] If, but for J.P. Morgan's wrongful misclassification, Downes should have enjoyed certain ERISA benefits, healthcare among them, then she can state a claim for having been denied the continuing coverage (and notice of such coverage) to which COBRA entitles her. In Baraschi v. Silverwear, Inc., 2002 U.S.

Case 7:07-cv-06775-SCR-GAY   Document 23-9   Filed 08/26/2008   Page 12 of 14

Page 11

2004 U.S. Dist. LEXIS 10510, *18; 33 Employee Benefits Cas. (BNA) 1273

Dist. LEXIS 24515, No. 01 Civ. 11263, 2002 WL 31867730 [*19] (S.D.N.Y. Dec. 23, 2002), the court denied a motion to dismiss under similar circumstances. The plaintiff had annexed a contract to her complaint, which facially appeared to contradict her claim to ERISA benefits, but the complaint nonetheless alleged that the defendants had wrongfully denied her those benefits. 2002 U.S. Dist. LEXIS 24515, [WL] at *1. While the court noted its doubts based on the contractual language, that language did not unambiguously contradict the plaintiff's claim. Consequently, accepting for purposes of the motion the truth of the plaintiff's allegation that she qualified as a "participant" in the defendants' employee benefits plan, the court held that, as a participant, the plaintiff stated a claim for COBRA benefits. 2002 U.S. Dist. LEXIS 24515, [WL] at *6. Here, Downes has neither annexed a contract to her complaint nor even alleged the existence of a relevant one (nor identified the plan or plans that allegedly cover her). Nevertheless, because the Court must assume the truth of her allegations that J.P. Morgan misclassified her, and that she should have received healthcare benefits under a relevant ERISA-governed plan, Downes's COBRA claim survives.

Finally, J.P. Morgan argues that Downes's COBRA claim, [*20] like her other ERISA claims, must be dismissed because she failed to exhaust her administrative remedies. (D. Br. 7, 8, 10.) This argument is at best formalistic where the gravamen of the complaint is that J.P. Morgan misclassified Downes. Because of that misclassification, she had neither the right nor the ability to obtain administrative review. That Downes did not engage in the perfunctory gesture of writing to J.P. Morgan to seek review under an administrative plan that J.P. Morgan denies she had any right to participate in hardly provides a fair ground on which to dismiss her ERISA claims. J.P. Morgan's motion will therefore be denied insofar as it seeks dismissal of Downes's COBRA claim. [7]

> 7   J.P. Morgan did not argue that Downes's COBRA claim is time-barred, and neither party briefed this issue. It would therefore be ill-advised, if not inappropriate, to dismiss on this ground without giving Downes (and J.P. Morgan) notice and an opportunity to be heard. See *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001). Nevertheless, the Court notes that [HN23] because COBRA does not contain an express statute of limitations, the relevant limitations period must be borrowed from analogous state law, see *Harvey v. Mingo Logan Coal Co.*, 274 F. Supp. 2d 791, 793 (S.D.W. Va. 2003), and it is an open question, so far as research discloses, whether a COBRA claim brought by a plaintiff who alleges misclassification accrues from the time of the plaintiff's "actual knowledge" of that misclassification, or from the date on which COBRA benefits should first have been received. If, as with Downes's ERISA §§ 502(a)(3)and 502(a)(1)(B) claims, the relevant "breach or violation" for purposes of the statute of limitations is not J.P. Morgan's failure to provide benefits, but its wrongful classification of Downes such that she enjoyed no right to benefits upon the occurrence of a qualifying event, then this claim, too, accrued on the date of the misclassification, which might well fall outside the limitations period.

[*21] IV. The *Equal Pay Act* Claim

Downes also brings a claim pursuant to [HN24] the Equal Pay Act, 29 U.S.C. § 206(d)(1), which prohibits gender-based wage discrimination. She alleges that J.P. Morgan "discriminated against [her] because it compensated male employees, who had jobs that required equal skill, effort and responsibility and were performed under similar working conditions as Downes's job, at a higher rate than Downes." (Compl. P57.) J.P. Morgan argues that this allegation fails adequately to plead an Equal Pay Act claim, even under the liberal standards of *Fed. R. Civ. P. 8*, and that it is partially time-barred.

With respect to the adequacy of Downes's pleading, J.P. Morgan cites a single decision that dismissed a similarly-skeletal Equal Pay Act complaint. In *Bernstein v. The MONY Group, Inc.*, 228 F. Supp. 2d 415 (S.D.N.Y. 2002), the court dismissed an Equal Pay Act claim where the plaintiff had alleged that the defendants "paid higher wages to male employees doing equal work with female employees in jobs requiring equal skill, effort and responsibility under similar working conditions." Id. at 420 [*22] (quoting the complaint). The court reasoned that the plaintiff failed to "specifically detail the time periods [or] the positions at which female employees received lower wages, and consequently failed to provide 'fair notice' to Defendants." Id. Downes responds that in another district court decision, *Brusseau v. Iona College*,

Case 7:07-cv-06775-SCR-GAY    Document 23-9    Filed 08/26/2008    Page 13 of 14

Page 12

2004 U.S. Dist. LEXIS 10510, *22; 33 Employee Benefits Cas. (BNA) 1273

*2002 U.S. Dist. LEXIS 15413, No. 02 Civ. 1372, 2002 WL 1933733 (S.D.N.Y. Aug. 21, 2002)*, the court sustained an Equal Pay Act claim articulated at a similar level of generality, finding it sufficient under Rule 8. *2002 U.S. Dist. LEXIS 15413, [WL] at \*1*. But *Brusseau* does not quote the language of the complaint at issue in that case, making it difficult to determine what level of specificity the court found sufficient.

Under the liberal notice-pleading standards of *Rule 8*, and in view of [HN25] the Supreme Court's recent admonition to heed this standard in employment discrimination cases, see *Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002)*, the Court declines to dismiss Downes's Equal Pay Act claim at this juncture, particularly as the parties have already engaged in considerable discovery; should Downes fail to adduce evidence supporting her Equal Pay Act [*23] allegation, J.P. Morgan can shortly move for summary judgment on this claim. The complaint gives J.P. Morgan adequate notice of the essence of Downes's claim: that similarly-situated male employees received higher wages than she did. J.P. Morgan presumably knows in what capacity Downes worked for it, and it can ascertain the substance of her claim by comparing her skills, responsibilities, and wages to those of similarly-situated male workers.

[HN26] With respect to the statute of limitations, a two-year period generally applies to Equal Pay Act claims, although if the employer violated the Act willfully, the period is three years. *Pollis v. New Sch. for Soc. Research, 132 F.3d 115, 118 (2d Cir. 1997)*. A new claim accrues each time an employee receives a paycheck under a discriminatory wage policy, but the policy's existence does not make the violation a "continuing" one, such that the plaintiff can seek backpay beyond the statutory period of two or three years. *Id. at 118-19*. Accordingly, Downes's Equal Pay Act claim survives, but will permit recovery only for violations that occurred within the applicable limitations period.

V. Pendent Claims

[*24] Downes also brings two pendent claims under New York law, alleging a violation of the *New York Labor Law* and a common-law claim for breach of contract. While J.P. Morgan moves to dismiss these claims on a number of grounds, several of which may be meritorious, [8] the Court need not address them now. If Downes's federal claims do not survive summary judgment, the Court would in any event decline to exercise supplemental jurisdiction over her state-law claims. See *Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001)* (noting that, [HN27] as a general matter, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution to the state courts; collecting cases).

---

8   Under the *New York Labor Law*, Downes seeks to recover the same benefits she claims under ERISA. J.P. Morgan argues that ERISA preempts these claims, and if, as Downes alleges, an ERISA plan should apply to her, it may well be correct. [HN28] See *29 U.S.C. §§ 1144(a)* (express preemption of "all State laws insofar as they may now or hereafter relate to any employee benefit plan"). The question would be whether Downes's claims "relate to" an employee benefit *plan* "whose provision by nature requires an ongoing administrative program to meet the employer's obligation," as opposed "simply to benefits." *Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11-12, 96 L. Ed. 2d 1, 107 S. Ct. 2211 (1987)* (emphasis in original). Downes does not explain why, if not pursuant to some employee benefit plan, J.P. Morgan owes her the benefits she claims, but perhaps some non-preempted state-law basis exists, and the Court need not resolve this issue at this juncture. In her contract claim, Downes alleges that she entered into a one-year employment contract with J.P. Morgan, to run from February 2003 to February 2004, which it breached, entitling her to $ 163,692. (Compl. PP52-55.) J.P. Morgan objects to this claim as insufficiently pled under *Fed. R. Civ. P. 8* and cites several decisions that arguably support this contention, see, e.g., See *Wolff v. Rare Medium, Inc. 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001)*; *Zaro Licensing, Inc. v. Cinmar, Inc., 779 F. Supp. 276, 286 (S.D.N.Y. 1991)*, but again, given the pendency of discovery, in the interest of judicial economy, the Court will postpone disposition of this claim to the summary judgment stage, at which time, should Downes's federal claims survive, the parties will be able to address the contract claim on a fuller evidentiary record.

[*25] **CONCLUSION**

2004 U.S. Dist. LEXIS 10510, *25; 33 Employee Benefits Cas. (BNA) 1273

For the reasons set forth above, Downes's first, second, and third claims are dismissed, her seventh claim is partially dismissed insofar as it seeks compensation for alleged violations outside the applicable limitations period, and the motion is otherwise denied.

   SO ORDERED.

Dated: New York, New York

June 3, 2004

GERARD E. LYNCH

United States District Judge