# EXHIBIT I

LEXSEE 1996 U.S. DIST. LEXIS 5700

MICHAEL DeSIMONE, Plaintiff, - against - TRANSPRINT USA, INC., Defendant.

94 Civ. 3130 (JFK)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1996 U.S. Dist. LEXIS 5700*

April 29, 1996, Decided
April 29, 1996, FILED

**DISPOSITION:** [*1] Defendant's motion for partial summary judgment denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant former employer filed a motion for partial summary judgment, pursuant to *Fed. R. Civ. P. 56*, against plaintiff former employee with respect to the employee's claim for relief under § 510 of the Employee Retirement Income Security Act (ERISA), *20 U.S.C.S. § 1140(1985)*.

**OVERVIEW:** The employee, a homosexual, claimed that he was discharged shortly after he informed the employer's vice-president that his partner, who was HIV-positive, had been hospitalized. He filed a discrimination action against the employer that included a cause of action for a violation of § 510, which prohibited the discharge of any person for the purpose of interfering with rights under an employee benefit plan. The employer moved for partial summary judgment with respect to the § 510 claim. The court denied the motion, noting that the employee sought to enforce § 510 under § 502(a)(3) of ERISA, not § 502(a)(1)(B). Thus, the employee was not required to allege the denial of specific benefits due him under an employee benefit plan. Further, the employee's request for injunctive relief and reinstatement constituted traditional equitable relief that was available under § 502(a). Moreover, the employee's lost wages were restitutionary in nature. However, punitive and compensatory damages were unavailable in an ERISA action. Finally, the six-year limitation period of *N.Y. C.P.L.R. 213* applied to actions for the civil enforcement of ERISA. Thus, the employee's action was timely.

**OUTCOME:** The court denied the employer's motion for partial summary judgment.

**LexisNexis(R) Headnotes**

*Civil Procedure > Summary Judgment > Motions for Summary Judgment > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN1] A court may grant summary judgment only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Fed. R. Civ. P. 56(c)*. Summary judgment is also available after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Movants*
*Civil Procedure > Summary Judgment > Burdens of Production & Proof > Nonmovants*
*Civil Procedure > Summary Judgment > Opposition > General Overview*

Case 7:07-cv-06775-SCR-GAY   Document 23-10   Filed 08/26/2008   Page 3 of 9

Page 2
1996 U.S. Dist. LEXIS 5700, *1

[HN2] A summary judgment movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. Where the motion is based upon the non-movant's lack of evidence, the movant's burden may discharged by showing, that is, pointing out to a district court, that there is an absence of evidence to support the nonmoving party's case. If the movant is able to carry this initial burden, the burden then shifts to the non-moving party to set forth specific facts showing that there is a general issue for trial. *Fed. R. Civ. P. 56(e)*. Although the court must resolve ambiguities and draw reasonable inferences against the moving party in assessing whether there are any factual issues to be tried, the non-moving party must produce sufficient evidence favoring it for a jury to return a verdict for that party. The non-movant's speculation, conclusory allegations and mere denials are insufficient to defeat a properly supported motion for summary judgment.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Plan Termination > General Overview*
[HN3] See § 510 of the Employee Retirement Income Security Act, *20 U.S.C.S. § 1140 (1985)*.

*Labor & Employment Law > Disability & Unemployment Insurance > Disability Benefits > Coverage & Definitions > Disabilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Plan Termination > General Overview*
[HN4] Congress intended § 510 of the Employee Retirement Income Security Act primarily to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights. The focus of § 510 is thus the employment relationship; an adverse change in that relationship that is motivated at least in part by the employer's desire to prevent the employee from attaining benefits under an employee benefit plan, including health and disability insurance benefits, is within the purview of § 510.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
[HN5] Section 502(a) of the Employee Retirement Income Security Act (ERISA) provides the exclusive remedy for enforcing ERISA rights, including those provided by § 510 of ERISA.

*Governments > Fiduciary Responsibilities*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Equitable Relief > Injunctive Relief*
[HN6] Section 502(a)(3), *29 U.S.C.S. § 1132(a)(3)*, provides that a civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Plan Termination > General Overview*
[HN7] The law does not require a plaintiff to demonstrate that the defendant failed to comply with any specific contractual terms in order to recover on a claim under § 510 of the Employee Retirement Income Security Act. Section 510 is designed to protect the employment relationship that gives rise to an individual's benefit rights, not to create an action for wrongfully withheld benefits. Thus, § 510 is not concerned with whether a defendant complied with the contractual terms of an employee benefit plan that the employee has qualified for. Instead, § 510 makes unlawful the interference with a participant's ability to meet these qualifications in the first instance.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims &

*Remedies > Equitable Relief > Restitution*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Extracontractual Damages*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Mandamus*
[HN8] Punitive and compensatory damages are not available in an action under the Employee Retirement Income Security Act (ERISA). The phrase, "other equitable relief," in § 502(a)(3) of ERISA refers to those forms of relief that were typically available in equity.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > General Overview*
[HN9] Although monetary relief is most often viewed as "legal" in nature, it may also serve an equitable purpose, for example, where it serves the goals of restitution or disgorgement.

*Contracts Law > Defenses > Statutes of Limitations*
*Governments > Legislation > Statutes of Limitations > Time Limitations*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Statutes of Limitations*
[HN10] New York's six-year statute of limitations for contract actions, provided in *N.Y. C.P.L.R. 213*, applies to actions for civil enforcement of the Employee Retirement Income Security Act (ERISA), pursuant to ERISA § 502, *29 U.S.C.S. § 1132*.

**COUNSEL:** APPEARANCES: For Plaintiff: Stuart Lichten, Esq., New York.

For Defendant: KELLEY DRYE & WARREN, New York, New York, Of Counsel: John E. Kiley, Esq. WHARTON, ALDHIZER & WEAVER, P.L.C., Harrisonburg, Virginia, Of Counsel: Thomas E. Ullrich, Esq.

**JUDGES:** JOHN F. KEENAN, United States District Judge

**OPINION BY:** JOHN F. KEENAN

**OPINION**

**OPINION AND ORDER**

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant's motion for partial summary judgment pursuant to *Fed. R. Civ. P. 56* against Plaintiff with respect to Plaintiff's claim for relief under § 510 of the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1140*. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion is denied.

**BACKGROUND**

Plaintiff Michael DeSimone is a resident of the State of New Jersey. Defendant Transprint USA, Inc. ("Transprint") is a fabric-design manufacturing firm incorporated under Virginia law with a sales office in the garment district of New York City. Plaintiff was employed by Transprint in its New York office from September 21, 1987 until he was discharged by Transprint on June [*2] 17, 1991.

Plaintiff commenced this action in April 1994, alleging that Transprint discriminated against him on the bases of disability and sexual orientation in violation of the New York State Human Rights Law, Executive Law § 290 et seq. and the Administrative Code of the City of New York, § 8-101 et seq. In the original complaint, Plaintiff alleges that despite his exemplary performance of his employment duties, Transprint discharged him because he is homosexual and Transprint officials believed that he was infected with the human immunodeficiency virus ("HIV"). DeSimone alleges various factual support for his allegations, including that Transprint officials such as Transprint's Vice President for Marketing and Design, Bonnie Bullock, treated him differently, "telling him he did not act 'like a man,' and saying, when referring to men in general, that DeSimone 'did not count as a man.'" Compl. P 9. Plaintiff also alleges that Bullock told Desimone's co-workers that after DeSimone visited the home of Transprint's President, the glass and cup DeSimone had used there were thrown away. Compl. P 8. Plaintiff claims that Transprint ultimately discharged him shortly after he informed [*3] Bullock that his homosexual partner, who was HIV-positive, had been hospitalized. Plaintiff also alleges that Bullock similarly discharged another Transprint employee in June 1993, shortly after that employee's HIV-positive partner had been hospitalized.

In July 1994, pursuant to a stipulation of the parties, Plaintiff withdrew his claim under the New York City Administrative Code and filed an amended complaint. The amended complaint asserts an additional cause of action for violation of § 510 of ERISA, 29 U.S.C. § 1140, which prohibits the discharge of any person from employment for the purpose of interfering with the employee's attaining rights under an employee benefit plan. In support of the ERISA claim, the amended complaint alleges that in early 1991, Bullock warned Plaintiff about "taking too many sick days." Plaintiff also alleges that Transprint's President subsequently warned all Transprint employees that the company would be placed in a "high risk" category if the company submitted excessive claims to its health insurer, thereby increasing its premiums. Am. Compl. P 10.

Plaintiff invokes the Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1367, and 29 U.S.C. [*4] § 1132. On his ERISA claim, Plaintiff seeks the following relief against Defendant: (1) a declaration that Transprint has violated ERISA; (2) a permanent injunction against future ERISA violations; (3) an injunction directing Defendant to take affirmative steps to eliminate further violations; (4) an injunction restoring Plaintiff to the position he would have continued to occupy but for Defendant's alleged unlawful acts; (5) compensatory and punitive damages "including but not limited to all earnings he would have received but for defendant's unlawful treatment, such as wages, insurance benefits, bonuses, pensions, and all other lost benefits, and also including damages for his mental anguish and humiliation"; (6) costs and attorneys' fees; and (7) any other relief the Court deems just and proper.

The parties have completed discovery and were to be ready for trial as of October 10, 1995. After being placed on the ready-for-trial calendar, and after the parties had submitted their pretrial materials, Defendant filed the instant motion. The Court heard oral argument on the motion on April 24, 1996.

**DISCUSSION**

Defendant contends that it is entitled to partial summary judgment [*5] dismissing Plaintiff's ERISA claim on two grounds. First, Defendant argues that Plaintiff cannot recover on his ERISA § 510 claim as a matter of law because the relief he seeks on that claim is not available under ERISA. Second, Defendant asserts that Plaintiff's ERISA claim is barred by the statute of limitations. The Court addresses each contention in turn.

**I. Summary Judgment Standards**

[HN1] The Court may grant summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 103 (2d Cir. 1989). Summary judgment is also available "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and [*6] on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Silver, 947 F.2d at 1022; Brady v. Town of Colchester, 863 F.2d 205, 221 (2d Cir. 1988); Living Music Records, Inc. v. Moss Music Group, Inc., 827 F. Supp. 974, 979 (S.D.N.Y. 1993).

[HN2] The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Where the motion is based upon the non-movant's lack of evidence, the movant's burden "may discharged by 'showing' -- that is, pointing out to the District Court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the movant is able to carry this initial burden, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a general issue for trial." Fed. R. Civ. P. 56(e); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Although the Court must "resolve ambiguities and [draw] reasonable inferences against the moving party" in assessing whether there are any factual issues to be tried, Knight v. United States Fire Ins. Co., [*7] 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 94 L. Ed. 2d 762, 107 S. Ct. 1570 (1987), the non-moving party must produce "sufficient evidence favoring [it] for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. The non-movant's "speculation, conclusory allegations and mere denials" are insufficient to defeat a properly supported motion for summary judgment. Greenblatt v. Prescription Plan Services Corp., 783 F. Supp. 814, 819-20 (S.D.N.Y. 1992)

; accord *Knight*, 804 F.2d at 12 (non-moving party may not rely on mere speculation or conjecture to defeat summary judgment).

## II. Damages Recoverable for a Violation of ERISA § 510

Plaintiff's first cause of action in the amended complaint charges that Transprint violated ERISA § 510 by discharging him in order to prevent him from exercising his rights under Transprint's health, life, and disability insurance plans. Section 510 of ERISA provides in part:

> [HN3] It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary of an employee benefit plan . . . for the purpose of interfering with the attainment [*8] of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140 (1985). [1] The Second Circuit has explained that [HN4] Congress intended this section "primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988) (quoting *West v. Butler*, 621 F.2d 240, 245 (6th Cir. 1980)). The focus of § 510 is thus the employment relationship; an adverse change in that relationship that is motivated at least in part by the employer's desire to prevent the employee from attaining benefits under an employee benefit plan, including health and disability insurance benefits, is within the purview of the section. Id.; *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 (9th Cir. 1992); *Fleming v. Ayers & Assocs.*, 948 F.2d 993 (6th Cir. 1991); *Zipf v. American Telephone & Telegraph Co.*, 799 F.2d 889 (3d Cir. 1986).

   1  Defendant admits that the health, life, and disability insurance plans it provided to its employees at the time it employed DeSimone are employee benefit plans within the meaning of 29 U.S.C. §§ 1002(3) and 1140. Ans. to Am. Compl. P 7.

[*9] Section 502(a) [HN5] provides the exclusive remedy for enforcing ERISA rights, including those provided by § 510. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144, 112 L. Ed. 2d 474, 111 S. Ct. 478 (1990). Section 502(a) [HN6] provides in part that a civil action may be brought:

> (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan;
>
> * * *
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan.

29 U.S.C. § 1132(a)(1)(B), (a)(3). Although Plaintiff represents in the amended complaint that he seeks relief pursuant to both § 502(a)(1)(B) and (a)(3), Am. Compl. P 3, Plaintiff's legal memorandum in opposition to this motion clarifies that Plaintiff does not, in fact, seek relief under § 502(a)(1)(b). Pl. Mem. in Opp. at 7 ("Of course, if plaintiff [*10] were seeking, under Section 502(a)(1)(B), specific benefits he had been denied, he would be required to allege an actual denial of benefits. But that is not plaintiff's claim."). Thus, Plaintiff apparently relies solely upon § 502(a)(3), the usual enforcement provision for an alleged violation of § 510. *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1132 (7th Cir. 1992); *Russell v. Northrop Grumman Corp.*, No. 95 Civ. 1500, 1996 U.S. Dist. LEXIS 4289, *7, 1996 WL 161741, at *7 (E.D.N.Y. Mar. 29, 1996).

Defendant's motion for partial summary judgment is not addressed to the factual allegations of Plaintiff's ERISA claim, but rather to Plaintiff's alleged failure to seek damages recoverable under ERISA for a violation of § 510. Defendant first argues that Plaintiff does not state even a prima facie claim under § 510 because he has "failed to establish a requisite element of an ERISA claim -- the right to recover benefits due him under any plan." Def. Mem. at 10. Defendant points out that Plaintiff has failed to specify "any specific benefit which he claims is or would have been due him under the terms of any

benefit plan." *Id.* at 9.

Plaintiff, in opposition, acknowledges that his claim is not [*11] for the denial of specific benefits, but asserts that Defendant fundamentally misconstrues what is required to state a claim under § 510. Plaintiff notes that while he would be required to show an actual loss of contract benefits to enforce an ERISA claim for denial of benefits under § 502(a)(1)(B), no allegation of actual loss of benefits is required for a § 510 claim such as he asserts in this action.

The Court agrees with Plaintiff that [HN7] the law does not require Plaintiff to demonstrate that Defendant failed to comply with any specific contractual terms in order to recover on a § 510 claim. As this Court has observed, § 510 "is designed to protect the employment relationship that gives rise to an individual's benefit rights, not to create an action for 'wrongfully withheld benefits.'" *Blake v. Bank of New York*, No. 90 Civ. 4202, 1992 U.S. Dist. LEXIS 10877, 1992 WL 183632 (S.D.N.Y. July 23, 1992) (Keenan, J.) (citing *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1279 (5th Cir. 1991)). Thus, § 510 "is not concerned with whether a defendant complied with the contractual terms of an employee benefit plan that the employee has qualified for. Instead, Section 510 makes unlawful the interference with [*12] a participant's ability to meet these qualifications in the first instance." *Russell*, 1996 WL 161741, at *6 (citing *Tolle*, 977 F.2d at 1133-34); accord *Ingersoll-Rand*, 498 U.S. at 145 ("there is no basis in § 502(a)'s language for limiting ERISA actions to only those which seek 'pension benefits'"); *Gavalik v. Continental Can Co.*, 812 F.2d 834, 856 (3d Cir.) (to establish liability under § 510, "challenged act need not have caused actual deprivation or have actually interfered with the attainment of pension eligibility"), cert. denied, 484 U.S. 979, 98 L. Ed. 2d 492, 108 S. Ct. 495 (1987); *Zipf*, 799 F.2d at 893 ("Section 510 does not require [plaintiff] to demonstrate that she would have been entitled to benefits . . . at any . . . specific time"); *Molina v. Mallah Org., Inc.*, 804 F. Supp. 504, 511 n.15 (S.D.N.Y. 1992) ("any harm caused by [plaintiff's] being forced to pay for health or welfare needs that would otherwise be covered by the plan is irrelevant, as it goes to damages and not to liability"). In light of these well-established principles, the Court rejects Defendant's contention that Plaintiff cannot recover on his claim under § 510 because [*13] he does not allege the denial of specific benefits due him under an employee benefit plan.

Defendant next contends that Plaintiff cannot recover under § 510 because the relief he seeks in the amended complaint is not available under ERISA. Defendant claims that Plaintiff may not recover punitive and compensatory damages because such damages constitute prohibited "extra-contractual damages." Defendant also maintains that Plaintiff may not obtain reinstatement to his former employment position under ERISA. Plaintiff, in opposition, contends that all of the relief he seeks is available under ERISA, citing language from the Supreme Court's decision in *Ingersoll-Rand*, 498 U.S. 133.

At the outset, the Court finds that Defendant is incorrect in asserting that all the relief Plaintiff seeks under ERISA is unavailable. Section 502(a)(3) permits a plan participant or beneficiary to seek "appropriate equitable relief" to remedy an ERISA violation. The injunctive relief Plaintiff seeks and his request for reinstatement constitute traditional equitable relief that is indisputably available under ERISA. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 113 S. Ct. 2063, 2068-69, 124 L. Ed. 2d 161 [*14] (1993); *Lee v. Burkhart*, 991 F.2d 1004, 1011 (2d Cir. 1993); *Fleming*, 948 F.2d at 998. The Court therefore rejects Defendant's contention as a ground for granting summary judgment against Plaintiff on the ERISA claim.

The Court does agree with Defendant, however, that [HN8] punitive and compensatory damages are not available in an ERISA action. The Supreme Court in Mertens, construing the phrase "other equitable relief" in § 502(a)(3), held that the phrase refers to those forms of "relief that were typically available in equity (such as injunction, mandamus, and restitution, *but not compensatory damages*)." 113 S. Ct. at 2064-65 (emphasis added). Both prior and subsequent to the decision in Mertens, this Circuit likewise held that the "legal" relief of compensatory and punitive damages is unavailable under § 502(a)(3). See *Lee*, 991 F.2d at 1011 ("The plain language of [§ 502(a)(3)] does not provide for monetary relief and a review of the legislative history confirms that Congress did not contemplate that this phrase would include an award of money damages."); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 286 (2d Cir. 1992) ("Our conclusion [*15] that punitive damages are not available under § 502(a)(2) is reinforced by the virtually unanimous interpretation of §

502(a)(3)'s similar language -- 'appropriate equitable relief' -- as not allowing such recovery.") (citing, inter alia, *O'Neil v. Gencorp, Inc., 764 F. Supp. 833, 835 (S.D.N.Y. 1991))*; *Jordan v. Retirement Comm. of Contributory Defined Benefit Retirement Plan, 875 F. Supp. 125, 127 (N.D.N.Y. 1995)* ("Since plaintiff seeks money damages and not equitable relief, it is clear that he may not proceed under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)."); *Schonholz v. Long Island Jewish Medical Ctr., 858 F. Supp. 350, 354-55 (E.D.N.Y. 1994)* (finding punitive damages unavailable under ERISA and collecting cases); *Sangeniti v. Mutual of America, No. 90 Civ. 3558, 1990 U.S. Dist. LEXIS 16809, *6, 1990 WL 204190, at *2-*3 (S.D.N.Y. Dec. 10, 1990)* (finding extra-contractual relief unavailable under § 502(a)(3)); *Giuntoli v. Garvin Guybutler Corp., 726 F. Supp. 494, 510 (S.D.N.Y. 1989)* (finding punitive damages unavailable under § 502(a)(3)). In view of this clear-cut precedent, the Court sua sponte strikes Plaintiff's claims for punitive and compensatory damages. [2]

> 2   For the reasons stated in *O'Neil v. Gencorp, 764 F. Supp. at 834-35*, the Court rejects Plaintiff's position that the language contained in the last paragraph of the Supreme Court's decision in Ingersoll-Rand, 498 U.S. at 486, supports the availability of extra-contractual relief under § 502(a)(3). See also *Zimmerman v. Sloss Equipment, Inc., 72 F.3d 822, 827-29 (10th Cir. 1995)*.

[*16] Finally, the Court finds that Plaintiff may be able to recover on his claim for lost wages. [HN9] Although monetary relief is most often viewed as "legal" in nature, it may also serve an equitable purpose -- for example, where it serves the goals of restitution or disgorgement. See *Russell, 1996 U.S. Dist. LEXIS 4289, *20, 1996 WL 161741, at *8*; *Molina, 804 F. Supp. at 511*. In *Russell, 1996 U.S. Dist. LEXIS 4289, 1996 WL 161741*, a recent § 510 case in this Circuit, the court held that lost wages were available under ERISA § 502(a)(3). After analyzing whether the lost wages sought in the particular action before the court were legal or equitable in nature, the court found that because an award of lost wages in that action "would restore plaintiff to the financial position he would have been in had he not been illegally discharged, and because they also are intertwined with the injunctive relief of reinstatement sought by plaintiff, the [lost wages] are properly recoverable as equitable relief under ERISA § 502(a)(3)."

See *id. at *22*. As in Russell, the lost wages Plaintiff seeks here are restitutionary in nature, as they would merely serve to restore Plaintiff to the status quo absent the alleged discrimination. Additionally, [*17] Plaintiff's claim for back-pay from Transprint is also properly viewed as equitable relief because it is intertwined with his request for reinstatement. Accordingly, the Court finds that an award of back-pay is available to Plaintiff in this action.

### III. The Statute of Limitations under ERISA

Defendant argues that a three-year statute of limitations period should apply to Plaintiff's ERISA claim, thus rendering the claim time-barred since Plaintiff did not file his amended complaint within three years of his discharge from Transprint. Defendant also contends that the amended complaint does not "relate back" to the original complaint so as to bring it within the proposed three-year limitations period.

The Court finds that Defendant's argument for application of a three-year statute of limitations on Plaintiff's ERISA claim is overwhelmingly rebutted by the clearly established law of this Circuit. It should be beyond dispute by now that [HN10] New York's six-year statute of limitations for contract actions, provided in *CPLR 213*, applies to actions for civil enforcement of ERISA pursuant to ERISA § 502, 29 U.S.C. § 1132. See *Larsen v. NMU Pension Trust, 902 F.2d 1069, 1073* [*18] *(2d Cir. 1990)*; *Miles v. New York State Teamsters Conference Pension Plan, 698 F.2d 593, 598 (2d Cir.)*, cert. denied, *464 U.S. 829, 78 L. Ed. 2d 108, 104 S. Ct. 105 (1983)*; *Barnett v. IBM Corp., 885 F. Supp. 581, 589-90 (S.D.N.Y. 1995)*; *Spilky v. Helphand, No. 91 Civ. 3045, 1993 U.S. Dist. LEXIS 6196, *17, 1993 WL 159944, at *8 (S.D.N.Y. May 11, 1993)*; *Davis v. NMU Pension & Welfare Plan, 810 F. Supp. 532, 534 (S.D.N.Y. 1992)*; *Smith v. Rochester Telephone Business Marketing, 786 F. Supp. 293, 306 (W.D.N.Y. 1992)*, aff'd, *40 F.3d 1236 (2d Cir. 1994)*; *Brown v. Cuttermill Bus Serv., Inc., No. 90 Civ. 1700, 1991 U.S. Dist. LEXIS 9487, *3, 1991 WL 128565, at *1 (E.D.N.Y. June 20, 1991)*. Plaintiff's amended complaint containing the ERISA claim, filed slightly more than 3 years after DeSimone was terminated from his employment with Transprint, is clearly within the six-year statute of limitations period. Accordingly, the Court need not reach the issue of whether the ERISA claim contained in the amended complaint "relates back" to the initial complaint.

1996 U.S. Dist. LEXIS 5700, *18

**CONCLUSION**

For the foregoing reasons, Defendant's motion for partial summary judgment is denied. The trial of this action shall be held before United States District [*19] Judge Charles Metzner on May 28, 1996, at 10 a.m.

**SO ORDERED.**

Dated: New York, New York

April 29, 1996

**JOHN F. KEENAN**

**United States District Judge**