# EXHIBIT J

LEXSEE 2004 U.S. DIST. LEXIS 13566

THOMAS P. MAGUIRE, as the President and Business Manager of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO and WILLIAM P. MAGUIRE and DANIEL J. MURPHY as Trustees of the ANNUITY, WELFARE, VACATION and APPRENTICESHIP SKILL IMPROVEMENT AND OPERATING SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO, FRANK HANLEY, as Trustee of the CENTRAL PENSION FUND of the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, and JOHN and JANE DOE, as Beneficiaries of the ANNUITY, WELFARE, VACATION and APPRENTICESHIP SKILL IMPROVEMENT AND SAFETY FUNDS of the INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 15, 15A, 15C and 15D, AFL-CIO and the CENTRAL PENSION FUND of the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, Plaintiffs, -against- LEVEL SIGHTS, INC. and ROSE HENN, individually, Defendants.

03 CV 2294

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 13566; 33 Employee Benefits Cas. (BNA) 2231

July 19, 2004, Decided
July 19, 2004, Filed

**DISPOSITION:** [*1] Defendant's motion for summary judgment granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In an Employee Retirement Income Security Act of 1974 (ERISA), as amended, *29 U.S.C.S. § 1001 et seq.*, case, plaintiffs, a union president and employee trust funds (funds) trustees, sued defendants, a company and company president, to recover delinquent contributions allegedly owed to the funds. The company president moved for summary judgment.

**OVERVIEW:** The collective bargaining agreement (CBA) allegedly entered into by the company with the union was signed on behalf of the company by the company president. Plaintiffs sought to hold the company president personally liable for contractually required contributions, claiming she intended to interfere with the payment of the subject contributions in violation of § 510 of ERISA, *29 U.S.C.S. § 1140*. Plaintiffs suggested that the company president discriminated against the funds' participants by interfering with their ability to receive their employee benefit contributions. Section 1140 was not aimed at protecting the financial security of the funds; rather, it was aimed solely at protecting individual rights. The gravamen of the complaint was that defendants' breached the CBA by not making payments in accordance therewith. There were no factual allegations in the complaint to suggest that the company president discriminated against or took any adverse employment action against any particular group of employees. Plaintiffs could not attempt to bootstrap a *§ 1140* claim as a means to hold the company president personally liable for the contributions.

**OUTCOME:** The company president's motion for summary judgment was granted.

**LexisNexis(R) Headnotes**

Case 7:07-cv-06775-SCR-GAY Document 23-11 Filed 08/26/2008 Page 3 of 6

Page 2
2004 U.S. Dist. LEXIS 13566, *1; 33 Employee Benefits Cas. (BNA) 2231

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Standards > Legal Entitlement*
*Civil Procedure > Summary Judgment > Standards > Materiality*
[HN1] Summary judgment, pursuant to *Fed. R. Civ. P. 56*, is warranted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c)*.

*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
[HN2] In the context of a motion for summary judgment, a genuine issue for trial exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-moving party.

*Civil Procedure > Summary Judgment > Standards > General Overview*
[HN3] In reviewing a motion for summary judgment, a court must view the record in the light most favorable to the non-movant by resolving all ambiguities and drawing all reasonable inferences in favor of that party.

*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Evidence > Procedural Considerations > Burdens of Proof > Ultimate Burden of Persuasion*
[HN4] The burden to show that there are no genuine issues of fact rests with the party seeking summary judgment. Nevertheless, the party opposing the motion bears the ultimate burden of proof to demonstrate that there is some evidence which would create a genuine issue of material fact. The non-movant cannot meet that burden by simply relying on mere conclusory allegations, speculation, or conjecture.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > General Overview*
*Business & Corporate Law > Corporations > Shareholders > Shareholder Duties & Liabilities >*
*Personal Liability*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies*
[HN5] The Employee Retirement Income Security Act of 1974 (ERISA), as amended, *29 U.S.C.S. § 1001 et seq.*, does not provide for personal shareholder liability for a corporation's delinquent fund contributions. An individual cannot be held liable for corporate ERISA obligations solely by virtue of his or her role as officer, shareholder, or manager.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > General Overview*
[HN6] See *29 U.S.C.S. § 1140*.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > General Overview*
[HN7] The purpose of *29 U.S.C.S. § 1140* is primarily to prevent unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights. Liability under that section, however, is not limited to employers. It applies equally to an individual whose conduct directly alters, in a fundamental way, the employer-employee relationship so as to interfere with pension rights.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > General Overview*
[HN8] To state a claim under *29 U.S.C.S. § 1140*, a plaintiff must allege that defendant took some type of adverse employment action to interfere with the attainment of their benefit rights under the plan. The

Case 7:07-cv-06775-SCR-GAY    Document 23-11    Filed 08/26/2008    Page 4 of 6

Page 3
2004 U.S. Dist. LEXIS 13566, *1; 33 Employee Benefits Cas. (BNA) 2231

focus of § 1140 is the employment relationship; an adverse change in that relationship that is motivated at least in part by the employer's desire to prevent the employee from attaining the benefits under the benefit plan. Thus, an essential element of the statute is that the individual engaged in one of the prohibited activities set forth in the statute, i.e., discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Civil Claims & Remedies > Causes of Action > Interference With Protected Rights*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > General Overview*
[HN9] Discrimination to violate 29 U.S.C.S. § 1140 must affect the individual's employment relationship in some substantial way. Section 1140 does not purport to protect the financial security of pension funds. Rather, the section is aimed solely at protecting individual rights.

*Civil Procedure > Summary Judgment > Opposition > General Overview*
*Civil Procedure > Summary Judgment > Standards > Genuine Disputes*
*Civil Procedure > Summary Judgment > Time Limitations*
[HN10] A district court may deny a summary judgment motion or order a continuance to permit the non-moving party to conduct the discovery necessary for it to oppose the motion. Fed. R. Civ. P. 56(f). The party seeking such discovery must file an affidavit explaining what facts are sought and how those facts are reasonably expected to created a genuine issue of material fact.

*Civil Procedure > Summary Judgment > Time Limitations*
[HN11] A non-movant's blanket request for further discovery that is tantamount to a fishing expedition fails to justify denial of a motion for summary judgment.

**COUNSEL:** For Thomas P. Maguire, William H. Harding, Theodore E. King, Daniel J. Murphy, Frank Hanley, John Doe, Jane Doe, Plaintiffs: James M. Steinberg, LEAD ATTORNEY, Brady, McGuire & Steinberg, P.C., Hastings-on-Hudson, NY.

**JUDGES:** GEORGE B. DANIELS, United States District Judge.

**OPINION BY:** GEORGE B. DANIELS

**OPINION**

MEMORANDUM DECISION AND ORDER

GEORGE B. DANIELS, District Judge:

Plaintiffs commenced this action, pursuant to the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001 et seq. ("ERISA") to recover delinquent contributions allegedly owed to the plaintiff employee trust funds ("funds") by defendants. Defendant Rose Henn is moving, pursuant to Fed.R.Civ.P. 56, for summary judgment. Her motion is granted.

Defendant Level Sights, Inc. ("Level Sights") allegedly entered into a collective bargaining agreement with the Local 15 union. The complaint indicates that after an audit of the corporation's books, it was determined that defendants failed to provide the contractually required contributions. Ms. Henn is the president of Level Sights [*2] and is allegedly its largest shareholder. She purportedly manages the corporation's day-to day affairs, signed the collective bargaining agreement on behalf of Level Sights, and regularly holds herself out to be the person in charge of handling questions regarding the fund contributions. Plaintiffs seek to hold Ms. Henn personally liable claiming she intended to interfere with the payment of the subject contributions in violation of § 510 of ERISA.

Ms. Henn filed her motion for summary judgment prior to the completion of discovery. Plaintiffs oppose the motion arguing that, absent further discovery, they are hindered in demonstrating Ms. Henn's personal liability.

[HN1] Summary judgment, pursuant to Rule 56, is warranted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). [HN2] A genuine issue for trial exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). [HN3] The Court must view the record in the light most favorable to the non-movant [*3] by resolving all ambiguities and

Case 7:07-cv-06775-SCR-GAY    Document 23-11    Filed 08/26/2008    Page 5 of 6

Page 4

2004 U.S. Dist. LEXIS 13566, *3; 33 Employee Benefits Cas. (BNA) 2231

drawing all reasonable inferences in favor of that party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); Tomka v. Seiler Corp., 66 F.3d 1295, 1304 (2d Cir. 1995)*. [HN4] The burden to show that there are no genuine issues of fact rests with the party seeking summary judgment. *Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); Anderson, 477 U.S. at 256*. Nevertheless, the party opposing the motion bears the ultimate burden of proof to demonstrate that there is some evidence which would create a genuine issue of material fact. *Twin Laboratories, Inc. v. Weider Health & Fitness, 900 F.2d 566, 568 (2d Cir. 1990)*. The non-movant cannot meet this burden by simply relying on mere conclusory allegations, speculation or conjecture. *Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986)*.

[HN5] ERISA does not provide for personal shareholder liability for a corporation's delinquent fund contributions. *Romney v. Lin, 94 F.3d 74, 81 (2d Cir. 1996), reh'g denied, 105 F.3d 806 (2d Cir. 1997)*. [*4] An individual cannot be held "liable for corporate ERISA obligations solely by virtue of his [or her] role as officer, shareholder, or manager." *Sasso v. Cervoni, 985 F.2d 49, 50 (2d Cir. 1993)*. Plaintiffs seek to recover against Ms. Henn "because she intended to interfere with participants' benefits." (Pls.' Mem. Opp. Summ. J. at 4). Section 510 of ERISA, as codified in *29 U.S.C. § 1140*, provides, in pertinent part:

> [HN6] It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled to under [an employee benefit plan].

[HN7] The purpose of this section was "primarily to prevent 'unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights.'" *Dister v. Continental Group, Inc., 859 F.2d 1108, 1111 (2d Cir. 1988)* (quoting *West v. Butler, 621 F.2d 240, 245 (6th Cir. 1980))*. Liability under this section, however, is not limited to employers. It applies equally [*5] to an individual whose conduct directly alters, in a fundamental way, the employer-employee relationship so as to interfere with pension rights. See, *Swanson v. U.A. Local 13 Pension Plan, 779 F. Supp. 690, 701-702 (W.D.N.Y. 1991), aff'd, 953 F.2d 636 (2d Cir. 1991)*; see also, *Valentine v. Carlisle Leasing Int'l Co., 1998 U.S. Dist. LEXIS 15581, 1998 WL 690877 (N.D.N.Y. Sept. 30, 1998)* (citation omitted).

[HN8] To state a claim under § 510, plaintiffs must allege that defendant took some type of adverse employment action to interfere with the attainment of their benefit rights under the plan. See, *Degrooth v. General Dynamics Corp., 837 F. Supp. 485, 489 (D.Conn. 1993), aff'd, 28 F.3d 103 (2d Cir. 1994)* (citations omitted); see also, *DeSimone v. Transprint USA, Inc., 1996 U.S. Dist. LEXIS 5700, 1996 WL 209951, *3 (S.D.N.Y. Apr. 29, 1996)* (citation omitted) ("The focus of § 510 is [] the employment relationship; an adverse change in that relationship that is motivated at least in part by the employer's desire to prevent the employee from attaining the benefits under the benefit plan ..."). Thus, an essential element of this statute is that [*6] the individual engaged in one of the prohibited activities set forth in the statute, *i.e.*, discharge, fine, suspend, expel, discipline or discriminate against a participant or beneficiary. See, *Inter-Modal Rail Employees Assoc. v. Atchison, Topeka and Santa Fe Ry. Co., 520 U.S. 510, 516, 137 L. Ed. 2d 763, 117 S. Ct. 1513 (1997); Dister, 859 F.2d at 1111*. Plaintiff suggests that Ms. Henn discriminated against the participants by interfering with their ability to receive their employee benefit contributions. In discussing what conduct would constitute "discrimination" within the meaning of § 510, the Sixth Circuit observed in *West v. Butler, supra:*

> We conclude that [HN9] discrimination, to violate § 510, must affect the individual's employment relationship in some substantial way. *** However, § 510 as we read it does not purport to protect the financial security of pension funds. Rather, the section is aimed solely at protecting individual rights. *West, 621 F.2d at 245-46*.

The complaint at bar merely seeks to recover for unpaid contributions on behalf of all employees covered by the collective bargaining agreement. The gravamen of the [*7] complaint is that defendants' breached the

Case 7:07-cv-06775-SCR-GAY   Document 23-11   Filed 08/26/2008   Page 6 of 6

Page 5

2004 U.S. Dist. LEXIS 13566, *7; 33 Employee Benefits Cas. (BNA) 2231

agreement by not making payments in accordance therewith. There are no factual allegations in the complaint to suggest that Ms. Henn discriminated against or took any adverse employment action against any particular group of employees. Nor are there any allegations that she altered, significantly or otherwise, the employee-employer relationship. Plaintiffs cannot attempt to bootstrap a § 510 claim as a means to hold Ms. Henn personally liable for the contributions allegedly owed by Level Sights. Although Ms. Henn has made a summary judgment motion, as oppose to a motion to dismiss pursuant to *Fed.R.Civ.P. 12(b)*, this Court finds that the allegations in the complaint, even if true, fail to set forth a viable claim against Ms. Henn for violation of § 510 of ERISA. This theory of recovery against Ms. Henn is substantively defective in a manner that no additional discovery can cure. [1]

---

[1] Plaintiffs assert that Ms. Henn's personal liability can only be determined after they have had an opportunity to fully review the discovery responses they received from defendants and after they have conducted depositions of Level Sights and Ms. Henn. (Pls.' Mem. Opp. Summ. J. at 2-3, 6). [HN10] A district court may deny a summary judgment motion or order a continuance to permit the non-moving party to conduct the discovery necessary for it to oppose the motion. *Fed.R.Civ.P. 56(f)*. The party seeking such discovery must file an affidavit explaining what facts are sought and how those facts are reasonably expected to created a genuine issue of material fact. *Hudson River Sloop Clearwater, Inc. v. Dep't of the Navy, 891 F.2d 414, 422 (2d Cir. 1989)* (citing *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 926 (2d Cir. 1985))*. In the case at bar, plaintiffs' failure to file such an affidavit is fatal. *Gurary v. Winehouse, 190 F.3d 37, 43-44 (2d Cir. 1999)* (citation omitted). Plaintiffs do not even specify, in their memorandum of law, any facts that they are seeking which would possibly create a material issue of fact. [HN11] Plaintiffs' blanket request for further discovery is tantamount to a fishing expedition, and fails to justify denial of the motion.

[*8] Accordingly, defendant Rose Henn's motion for summary judgment is granted.

Dated: New York, New York

July 19, 2004

SO ORDERED:

GEORGE B. DANIELS

United States District Judge