# EXHIBIT K

LEXSEE 2007 U.S. DIST. LEXIS 29133

Randy and Donna Vaughn, Plaintiffs, vs. Waste Industries USA, Inc., "Blue Options" Medical Plan, the Waste Industries Life Insurance Plan, the Waste Industries Short Term Disability Plan, the Waste Industries Long Term Disability Plan, and the Waste Industries Dental Plan.[1] Defendants.

1 The Defendants allege that the "plans" identified by the Plaintiffs are part of the group plan, which is known as the Waste Industries USA, Inc. Group Benefit Plan ("Group Plan").

C.A. No. 6:07-501-HMH

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, GREENVILLE DIVISION

2007 U.S. Dist. LEXIS 29133

April 18, 2007, Decided

COUNSEL: [*1] For Randy Vaughn, Donna Vaughn, Plaintiffs: John R Peace, LEAD ATTORNEY, John Robert Peace Law Office, Greenville, SC.

For Waste Industries USA Inc, Defendant: Brian D Black, LEAD ATTORNEY, Charles Edgar McDonald, III, LEAD ATTORNEY, Ogletree Deakins Nash Smoak and Stewart, Greenville, SC.

JUDGES: Henry M. Herlong, Jr., United States District Judge.

OPINION BY: Henry M. Herlong, Jr.

OPINION

OPINION & ORDER

This matter is before the court on the Defendants' motion to dismiss Randy and Donna Vaughn's (collectively "Plaintiffs") complaint pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure* for failure to state a claim. For the reasons below, the court grants the Defendants' motion.

I. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, Randy Vaughn ("Mr. Vaughn") was employed by Defendant Waste Industries USA, Inc. ("Waste Industries") from November 14, 2005, until April 28, 2006. On April 17, 2006, Mr. Vaughn suffered chest pains while at work. (Compl. P 5.) After advising his supervisor that he was leaving, Mr. Vaughn sought medical attention. (Id. P 6.) Mr. Vaughn went to the hospital where it was determined that [*2] he had suffered a heart attack. (Id. PP 8-9.) Mr. Vaughn's doctor provided him with a "return to work" authorization on April 27, 2006, which Mr. Vaughn provided to his employer on April 28, 2006. (Id. P 11.) Mr. Vaughn was terminated when he returned to work on April 28, 2006.

The Plaintiffs allege that Mr. Vaughn and Waste Industries entered into an employment contract, which Waste Industries breached when it terminated Vaughn's employment on April 28, 2006, following his heart attack. (Id. PP 16, 20.) In addition, the Plaintiffs further allege a claim for breach of contract accompanied by a fraudulent act. The Plaintiffs allege that Waste Industries "acted in a dishonest and fraudulent manner when it terminated Randy Vaughn's employment on the same day he returned to work, following a heart attack only eleven days earlier" and "when it offered to waive past-due COBRA premiums" in exchange for a release of claims. (Compl. PP 31, 33.) In the Plaintiff's ERISA claim, the Plaintiffs argue that the Defendants' wrongfully terminated Mr. Vaughn in violation of *§ 510*. The Plaintiffs allege that "[a]fter Plaintiff Randy Vaughn suffered a heart attack, Defendant Waste Industries [*3] terminated Plaintiff Randy Vaughn's employment, with the specific intent to avoid the costs of the employee benefits associate with Plaintiff Randy Vaughn's heart attack." (Id. P 39.)

In their motion to dismiss, the Defendants allege that the Plaintiffs' breach of contract and breach of contract

Case 7:07-cv-06775-SCR-GAY   Document 23-12   Filed 08/26/2008   Page 3 of 5

Page 2
2007 U.S. Dist. LEXIS 29133, *

accompanied by fraudulent act claims are preempted by ERISA. Further, the Defendants move to dismiss the Group Plan as a party on the grounds that no allegations have been made against it in the complaint. In addition, the Defendants move to dismiss any claim for benefits under the Group Plan arguing that the Plaintiffs have not exhausted their administrative remedies under ERISA. Finally, the Defendants move to strike the Plaintiffs' jury demand and punitive damages prayer in the complaint on the basis that a jury trial and punitive damages are not available in an ERISA case.

## II. DISCUSSION OF THE LAW

### A. Dismissal Standard

In the United States District Court, the plaintiff must only state a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8.* Dismissal of a complaint for failure [*4] to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle her to relief." *Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).* The court will treat factual allegations of the nonmoving party as true. *Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).*

### B. ERISA Preemption

The Plaintiffs' first cause of action alleges that the termination of Mr. Vaughan constituted a breach of contract. In their second cause of action, the Plaintiffs allege a claim for breach of contract accompanied by a fraudulent act. The Defendants allege that these two claims are preempted by ERISA. The Plaintiffs argue that these allegations form the basis of two state law causes of action that are not preempted by ERISA.

"ERISA comprehensively regulates . . . employee welfare benefit plans that . . . provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." *Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 44, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987),* abrogated in part other grounds by, *Kentucky Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 341-42, 123 S. Ct. 1471, 155 L. Ed. 2d 468 (2003).* [*5] State law causes of action are preempted by ERISA if they "relate to" an ERISA plan. See *29 U.S.C. § 1144(a) (West 1999).* State law claims "relate to" an ERISA plan and are preempted if the claims would (1) create "conflicting employer obligations and variable standards of recovery," (2) "determine whether any benefits are paid," or (3) "directly affect the administration of benefits under the plan." *Pizlo v. Bethlehem Steel Corp., 884 F.2d 116, 120 (4th Cir. 1989).* Conversely, state law claims may proceed if they "affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 100 n.21, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983).*

The Defendants rely on *Ingersoll Rand Co. v. McClendon, 498 U.S. 133, 111 S. Ct. 478, 112 L. Ed. 2d 474 (1990),* to support their argument that the Plaintiffs' breach of contract and breach of contract accompanied by fraudulent act claims are preempted. In Ingersoll Rand, the court found that the plaintiff's state law claim for wrongful discharge based on the allegation that the plaintiff's employment was terminated to allow the employer [*6] to avoid making contributions to an ERISA pension fund was preempted by ERISA. *Id. at 140, 145.* The Plaintiffs argue that the *Ingersoll Rand* case is distinguishable because the plaintiffs in that case had alleged a Texas cause of action based on a statute directly protecting pension funds. The Plaintiffs submit that their breach of contract claims "have nothing to do with any Plan." (Pls.' Mem. Opp'n Mot. Dismiss 6.) This argument is unavailing.

"[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll Rand Co., 498 U.S. at 139.* "Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements." *Id.* Likewise, a common law state claim can relate to a benefit plan even if the claim is not directly designed to affect an ERISA plan. *Holland v. Burlington Indus., Inc., 772 F.2d 1140, 1146-47 (4th Cir. 1985).*

The gravaman of the Plaintiffs' complaint is that Waste Industries terminated Mr. Vaughn "with the specific intent to avoid the costs of the employee [*7] benefits associated with Plaintiff Randy Vaughan's heart attack." (Compl. P 39.) "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004).* The Plaintiffs' claims for breach of contract and breach of contract accompanied by fraudulent action fall squarely within the ambit of *ERISA § 510,* which provides:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment

of any right to which such participant may become entitled under the plan . . . .

29 U.S.C. § 1140 (West 1999). Further, the exclusive remedy for a violation of § 510, which is set forth in § 502(a) provides that: "a civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or [*8] practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (West 1999). "Congress intended § 502(a) to be the exclusive remedy for rights guaranteed under ERISA, including those provided by § 510." Ingersoll-Rand, 498 U.S. at 144. The carefully crafted language of § 502(a) "provide[s] strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." Id. (internal quotation marks omitted).

Allowing the Plaintiffs' state claims for breach of contract and breach of contract accompanied by fraudulent act could create "conflicting employer obligations and variable standards of recovery." Pizlo, 884 F.2d at 120 (internal quotation marks omitted).

> It is foreseeable that state courts, exercising their common law powers, might develop different substantive standards applicable to the same employer conduct, requiring the tailoring of plans and employer [*9] conduct to the peculiarities of the law of each jurisdiction. Such an outcome is fundamentally at odds with the goal of uniformity that Congress sought to implement.

Ingersoll-Rand, 498 U.S. at 142.

Based on the foregoing, the court finds that the Plaintiffs' claim for breach of contract and breach of contract accompanied by fraudulent act based on the allegation that Mr. Vaughn was terminated "to avoid the costs of the employee benefits associated with Plaintiff Randy Vaughan's heart attack" are preempted by ERISA. (Compl. P 39.) [2]

> 2   In addition, the Plaintiffs argue that their breach of contract claims should not be dismissed because discovery may reveal that Mr. Vaughn was terminated for some other reason than to interfere with Mr. Vaughn's rights under ERISA. This argument is without merit. The proper course of action should this situation arise is for the Plaintiffs to move to amend the complaint.

Having found that the Plaintiffs' breach of contract claims are preempted by ERISA, [*10] the court strikes the Plaintiffs' demand for a jury trial and actual and punitive damages. Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006-07 (4th Cir. 1985) (finding that plaintiffs in ERISA actions are not entitled to a jury trial); Gauldin v. Honda Power Equip. Mfg., Inc., 351 F. Supp. 2d 455, 458 (M.D.N.C. 2005) (noting that compensatory and punitive damages are not available under ERISA §§ 409 or 502).

### C. Dismissal of Group Plan as A Defendant

Further, the Defendants move to dismiss the Group Plan as a defendant in this action. The court agrees. The complaint does not allege any wrongdoing on the part of the Group Plan. Further, with respect to the Plaintiffs' ERISA claim, § 510 "was designed to protect the employment relationship against actions designed to interfere with, or discriminate against, the attainment of a pension right." Deeming v. American Standard, Inc., 905 F.2d 1124, 1127 (7th Cir. 1990). "[A] fundamental prerequisite to a § 510 action is an allegation that the employer-employee relationship, and not merely the pension plan, was changed in some discriminatory or wrongful way." Id. The Plaintiffs [*11] allege that the Group Plan is an indispensable party to this case because "[i]n the Group Plan's absence, this Court cannot accord complete relief among the remaining parties, plan participants and plan fiduciaries." (Pls.' Mem. Opp'n Mot. Dismiss 10.) However, this contention is without merit. "There is no allegation, nor do[] Plaintiff[s] argue, that the [Group] Plan was involved in the change of [Mr. Vaughn's] and [Waste Industries] employer-employee relationship that interfered with, or discriminated against, the attainment of [Plaintiffs'] . . . rights" under the Group Plan. DeGrave v. Nat'l Automatic Merch. Ass'n Pension Plan, 392 F. Supp. 2d 1032, 1035 (N.D. Ill. 2005). Hence, the Group Plan is not a proper defendant in this action.

### D. Exhaustion of Administrative Remedies

Finally, the Defendants move to dismiss the Plaintiffs' claim for ERISA benefits arguing that the Plaintiffs have failed to exhaust their administrative remedies. The Plaintiffs' complaint alleges a wrongful discharge claim pursuant to ERISA § 510. As discussed above, the remedy for violation of § 510 is set forth in § 1132(a)(3). Exhaustion of administrative remedies [*12] is not required where a claimant asserts a claim under ERISA § 510. Smith v. Sydnor, 184 F.3d 356, 365 (4th Cir. 1999).

However, the complaint also alleges that the Plaintiffs seek to recover benefits due to them under *29 U.S.C. § 1132(a)(1)(B)*. An "ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under *29 U.S.C. § 1132*." *Makar v. Health Care Corp. of Mid-Atlantic (Carefirst), 872 F.2d 80, 83 (4th Cir. 1989)*. The Plaintiffs have not alleged in their complaint or in their response to the Defendants' motion to dismiss that they have exhausted their administrative remedies for any claim for benefits. The Plaintiffs only argument is that the Plaintiffs do not have a pending claim for benefits. Therefore, to the extent the Plaintiffs seek to recover benefits pursuant to *§ 1132(a)(1)(B)*, this claim is dismissed without prejudice for failure to exhaust.

Therefore, it is

**ORDERED** that Defendants' motion to dismiss, docket number 5, is granted.

**IT IS SO ORDERED.**

[*13] s/ Henry M. Herlong, Jr.

United States District Judge

Greenville, South Carolina

April 18, 2007