UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN W. BUCKLEY,

                                    Plaintiff,        Case No. 07 Civ. 6775
                                                            (SCR) (GAY)

    -against-

PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                                    Defendants.
------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PHILIPS ELECTRONICS NORTH AMERICA DEFINED BENEFIT PENSION PLAN'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700
*Attorneys of Record for Defendants:*
*Joseph DeGiuseppe, Jr. (JD 6376)*
*Michael P. Benenati (MPB 9669)*

**TABLE OF CONTENTS**

PROCEDURAL HISTORY .................................................................................................. 3

SUMMARY OF AMENDED COMPLAINT ...................................................................... 4

ARGUMENT
POINT I
PLAINTIFF'S ERISA CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW
AGAINST THE DEFENDANT PLAN ............................................................................... 6

   A.   PLAINTIFF'S ERISA SECTION 510 "INTERFERENCE" CLAIM IS UNTIMELY ..... 7

   B.   PLAINTIFF'S ERISA SECTION 510 "INTERFERENCE" CLAIM CANNOT
       BE ALLEGED AGAINST THE DEFENDANT PLAN ................................................... 8

POINT II
PLAINTIFF'S REMAINING CLAIMS CANNOT BE ALLEGED AGAINST THE
DEFENDANT PLAN ......................................................................................................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*ASTI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007)) ................................................................................................ 6

*Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ................................................. 7

*Chambers v. Time Warner, Inc.*, 282 F.3d at 153 ........................................................................... 7

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) .................................. 8

*Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990) ................................ 11

*DeGrave v. Nat'l Automatic Merch. Ass'n Pension Plan*, 392 F. Supp. 2d 1032, 1035 (N.D. Ill. 2005). .......................................................................................................................... 11

*DeSimone v. Transprint USA, Inc.,* 1996 U.S. Dist. LEXIS 5700, No. 94 Civ. 3130 (JFK), 1996 WL 209951, at *3 (S.D.N.Y. Apr. 29, 1996). ........................................................................... 10

*Devlin v. Transp. Commc'ns Int'l Union*, 1997 U.S. Dist. LEXIS 13916, No. 95 Civ. 0742 (JFK), 1997 WL 570512, at *6 (S.D.N.Y. Sept. 15, 1997)) ................................................................ 10

*Downes v. J.P. Morgan Chase & Co.*, 2004 U.S. Dist. LEXIS 10510, No. 03 Civ. 8991 (GEL), 2004 WL 1277991, at *5 (S.D.N.Y. June 8, 2004) .................................................................. 10

*First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert denied*, 513 U.S. 1079 (1995) ......................................................................................................................... 7

*Foley v. Bethlehem Steel Corp.*, No. 87-CV-1489A, 1998 U.S. Dist. LEXIS 12176, 1998 WL 34313090, * 10-* 11 (W.D.N.Y. Jan. 27, 1998) ........................................................................ 9

*Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991) ................................................... 7

*Maguire v. Level Sights, Inc.*, 2004 U.S. Dist. LEXIS 13566 at 5, No. 03 Civ. 2294 (GBD), 2004 WL 1621187, at *2 (S.D.N.Y. July 19, 2004). ......................................................................... 10

*Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983) ........................................................................................................................................ 12

*Packer v. Yampol*, 630 F. Supp. 1237, 1241 (S.D.N.Y. 1986) ....................................................... 7

*Sandberg v. KPMG Peat Marwick, LLP*, 111 F. 3d 331, 336 (2d Cir. 1997) ................................. 8

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scherer*, 468 U.S. 183 (1984) .................................................................................................................. 6

*Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) ............................................ 7

*Tirone v New York Stock Exchange, Inc.*, 2006 U.S. Dist. LEXIS 69591 (S.D.N.Y. 2006) .......... 9

*Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1139 (7th Cir. 1992). ................................................ 9

*Vaughn v. Waste Indus. USA, Inc.*, 2007 U.S. Dist. LEXIS 29133 (S.D.S.C. 2007) ................... 11

*VTech Holdings Ltd. v. Lucent Techs., Inc.*, 172 F. Supp. 2d 435, 437 (S.D.N.Y. 2001) .............. 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BLEAKLEY PLATT & SCHMIDT, LLP
One North Lexington Avenue
White Plains, New York 10601
(914) 949-2700
Attorneys of Record for Defendants:
Joseph DeGiuseppe, Jr. (JD 6376)
Michael P. Benenati (MPB 9669)

---------------------------------------------------------------X
JOHN W. BUCKLEY,

                        Plaintiff,         Case No. 07 Civ. 6775
                                                         (SCR) (GAY)

   -against-

-PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION, PHILIPS SEMICONDUCTOR
MANUFACTURING, INC., NXP
SEMICONDUCTORS AND PHILIPS
ELECTRONICS NORTH AMERICA DEFINED
BENEFIT PENSION PLAN,

                        Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PHILIPS
ELECTRONICS NORTH AMERICA DEFINED BENEFIT PENSION PLAN'S
MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

      This memorandum of law is submitted in support of the motion of defendant Philips Electronics North America Defined Benefit Pension Plan ("Defendant Plan") to dismiss the Amended Complaint filed on or about April 23, 2008 ("Amended Complaint")[1] in the above-captioned action by Plaintiff John W. Buckley (the "Plaintiff"), pursuant to Rule 12(b)(6) of the

---

[1] A true and correct copy of the Amended Complaint is annexed to the Affidavit of Joseph DeGiuseppe, Jr., sworn to August 1, 2008 ("DeGiuseppe Aff.") as Exhibit A.

Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted against the Defendant Plan.

Plaintiff, in his original Complaint filed on or about July 27, 2007,[2] initially sought relief on a *pro se* basis against the defendants for causes of action under the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. § 621 ("ADEA"), the New York State Wage Law, N.Y. Labor Law § 190 et seq. (McKinney 2008 Cumlative Pocket Part) (the "NYSWL"), the New York State Human Rights Law, N.Y. Exec. Law § 296 (McKinney 2008 Cumulative Pocket Part)(the "NYSHRL") and State common law for an alleged breach of contract for a claimed "key employee" bonus payment. In his Amended Complaint,[3] Plaintiff now alleges an "interference" claim under Section 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, with respect to his failure to attain certain pension and health benefit rights and has named the Defendant Plan as an additional defendant in this action presumably with respect to only the ERISA claim.

As demonstrated more fully below, the Defendant Plan contends that the causes of action alleged in the Amended Complaint fail to state a claim upon which relief can be granted against the Plan for the following reasons. First, and foremost, Plaintiff's alleged Section 510 "interference" claim is time-barred by the applicable two-year statute of limitations. Secondly, Plaintiff's Section 510 "interference" claim must be dismissed against the Defendant Plan because there was never an "employer-employee" relationship between Plaintiff and the Plan, an essential element of a Section 510 "interference" claim.

Finally, to the extent that Plaintiff is claiming that any of the five other causes of action alleged in the Amended Complaint apply to the Defendant Plan, these causes should be

---

[2] A true and correct copy of the original Complaint is annexed to the DeGiuseppe Aff. as Exhibit B.
[3] At the time of filing of his Amended Complaint, Plaintiff was still proceeding on a *pro se* basis.

2

dismissed as well for the following reasons: (1) Plaintiff does not allege that any "employer-employee" relationship existed between himself and the Plan within the meaning of the federal and state laws alleged therein; (2) the Plaintiff failed to file an ADEA charge of discrimination against the Plan within the applicable 300-day period; (3) the NYSHRL age discrimination claim is time-barred by the applicable three-year statute of limitations; and (4) the Plaintiff does not allege that the Plan was a party to his alleged 2004 "key employee" bonus agreement and therefore cannot state a claim under the NYSWL or common law against the Plan.

Accordingly, Defendant Plan respectfully requests that the Court grant the instant Rule 12(b)(6) motion to dismiss the Amended Complaint against the Plan, in its entirety, with prejudice.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on July 27, 2007, and named the following entities as defendants: Philips Electronics North America Corp. ("PENAC"); Philips Semiconductor Manufacturing, Inc. ("PSMI"); and NXP Semiconductors USA, Inc. ("NXP")(collectively referred to herein as the "Defendants" or "Companies").[4] Defendants filed their Answer to the original Complaint on November 19, 2007.

Thereafter, at the December 7, 2007 scheduling conference before Judge George A. Yanthis, U.S.M.J., the Defendants stipulated to allow Plaintiff until December 28, 2007 to file and serve an Amended Complaint. By correspondence, dated March 10, 2008, Plaintiff sought a pre-motion conference for the purposes of seeking the Court's leave to file an Amended Complaint to assert a Section 510 claim under ERISA. Most importantly, the March 10th letter

---

[4] NXP Semiconductors USA, Inc. acquired Philips Semiconductors Manufacturing, Inc. after the termination of Plaintiff's employment in December 2004.

3

does not in any respect indicate that Plaintiff intended to name the Defendant Plan as an additional defendant. *Id.* (DeGiuseppe Aff., Ex. C).

On April 1, 2008, a pre-motion conference was held before Judge Yanthis. Judge Yanthis granted Plaintiff's request to file an Amended Complaint to assert an alleged ERISA claim, and directed Plaintiff to file and serve the Amended Complaint by April 22, 2008. Plaintiff filed the Amended Complaint on April 23, 2008. At no time during the Court conference or at any other time prior to the filing of the Amended Complaint did Plaintiff, who is himself an attorney and the former General Counsel of PSMI (see DeGiuseppe Aff., Ex. D), raise the issue of naming the Defendant Plan as an additional defendant in this action.

## SUMMARY OF AMENDED COMPLAINT

Plaintiff alleges in the Amended Complaint that, at all times relevant to this action, he was employed by Defendants in Hopewell Junction, New York. (Amended Complaint ¶ 5). In Paragraph 17, Plaintiff alleges that he was hired in April 1995 as the General Counsel of one of the Defendants' predecessor companies in Hopewell Junction, New York. (Amended Complaint ¶ 17). In Paragraph 35, Plaintiff admits that he was told in August 2004 that his employment with "Defendants" would be terminated effective December 31, 2004. (Amended Complaint ¶ 35).

Plaintiff further alleges that each of the Companies is an "employer" within the meaning of the ADEA, ERISA and the NYSHRL. (Amended Complaint ¶¶ 6-11). Plaintiff further alleges that the Defendant Plan is a "benefit plan" within the meaning of ERISA, but does not allege that the Plan is an "employer" within the meaning of any of the other laws cited in the Amended Complaint. (Amended Complaint ¶ 12). Plaintiff finally states, without any supporting factual or legal allegations, that each of the Defendants and the Defendant Plan

4

are "collectively" an "integrated enterprise," which are "[a]ll responsible for the illegal conduct directed at plaintiff." (Amended Complaint ¶ 13).

In Paragraphs 14 through 18 of the Amended Complaint, Plaintiff alleges the administrative history of his filing of an age discrimination charge ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about February 22, 2005. (Amended Complaint ¶¶ 14-18). The Defendant Plan was not named as a party to the Charge or otherwise alleged to have been responsible for his termination of employment effective December 2004. (DeGiuseppe Aff., Ex. E).

In Paragraphs 17 through 61 of the Amended Complaint, Plaintiff sets forth his various factual allegations in support of his alleged six causes of action, including his various attorney positions with the Defendants and their respective predecessors. (Amended Complaint ¶¶ 17-61). Only Paragraphs 38 to 46 make any specific reference to the Defendant Plan, and nowhere in these paragraphs or anywhere else in the Amended Complaint is it alleged that there was an "employer-employee" relationship between the Plan and the Plaintiff or that the Plan has taken any action whatsoever with respect to the Plaintiff's claimed pension and health benefit rights. (Amended Complaint ¶¶ 17-61). Most, if not all, of the allegations directed at the Plan deal with an alleged "under-funding" issue in the 2004 to 2006 period and are only alleged "upon information and belief." (Amended Complaint ¶ 39).

In Paragraphs 62 to 75 of the Amended Complaint, Plaintiff asserts the following six (6) causes of action against "Defendants" without further specificity:

- First Cause of Action, alleged age discrimination in violation of ADEA (Amended Complaint ¶¶ 62-63);

- Second Cause of Action, alleged age discrimination in violation of NYSHRL (*Id.* ¶¶ 64-65);

5

- Third Cause of Action, alleged interference with the attainment of plaintiff's pension rights in violation of § 510 of ERISA (*Id.* ¶¶ 66-67);

- Fourth Cause of Action, alleged interference with the attainment of plaintiff's health insurance benefit plan in violation of § 510 of ERISA (*Id.* ¶¶ 68-69);

- Fifth Cause of Action, alleged failure to pay plaintiff an enhanced bonus constituting a common law breach of contract (*Id.* ¶¶ 70-71); and

- Sixth Cause of Action, alleged failure to pay plaintiff the 2004 "key employee" bonus in violation of NYSWL (*Id.* ¶¶ 72-75).

## ARGUMENT

### POINT I

### PLAINTIFF'S ERISA CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW AGAINST THE DEFENDANT PLAN

A motion to dismiss, pursuant to Rule 12(b)(6), tests the legal sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds* by *Davis v. Scherer*, 468 U.S. 183 (1984). In order to survive a motion to dismiss, the complaint must provide "the grounds upon which the plaintiff's claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" *ASTI Communs., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007)(*quoting Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955 (2007)).

The sufficiency of the complaint is assessed by generally "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "mere conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert denied*, 513 U.S. 1079 (1995); *see also Packer v. Yampol*, 630 F. Supp. 1237, 1241 (S.D.N.Y. 1986)("conclusory

allegations merely stating the general legal conclusions necessary to prevail on the merits and which are unsupported by facts are not taken as true").

In addition, in deciding the instant motion to dismiss, the Court may consider documents that plaintiff relied on in bringing suit and that are either in his possession or that he knew of when bringing suit, or matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.*, 282 F.3d at 153; *see also Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991); *VTech Holdings Ltd. v. Lucent Techs., Inc.*, 172 F. Supp. 2d 435, 437 (S.D.N.Y. 2001).

### A.  PLAINTIFF'S ERISA SECTION 510 "INTERFERENCE" CLAIM IS UNTIMELY

ERISA § 510, 29 U.S.C. § 1140, provides in relevant part for alleged "interference" claims that:

> [i]t shall be unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . .

Because ERISA does not provide its own statute of limitations, the courts must apply the limitations period of the state-law cause of action most analogous to the federal claim. The Second Circuit has concluded that the anti-discrimination protection of New York Worker's Compensation Law § 120 is the most analogous state law cause of action to § 510 claims, and therefore has adopted the § 120 two-year statute of limitations for § 510 cases. *See Sandberg v. KPMG Peat Marwick, LLP*, 111 F.3d 331, 336 (2d Cir. 1997). A plaintiff must bring a § 510 action within two years from the date on which the claim accrues. A § 510 claim accrues when the employer takes an adverse action against the plaintiff and communicates that action to the plaintiff, not when the plaintiff first becomes aware of the action's illegality or when the

7

consequences of that employment decision ultimately take effect. *See Foley v. Bethlehem Steel Corp.*, No. 87-CV-1489A, 1998 U.S. Dist. LEXIS 12176, 1998 WL 34313090, * 10-* 11 (W.D.N.Y. Jan. 27, 1998)[5]; *accord Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1139 (7th Cir. 1992).

As pleaded in Paragraph 35 of the Amended Complaint, Plaintiff fully admits that he was notified in August 2004 that his employment with Defendants was being terminated effective December 31, 2004. In light of the above, Plaintiff's alleged § 510 claim against all Defendants, including the Defendant Plan, accrued in August 2004. Plaintiff, however, filed suit against the Defendants in the original Complaint on July 27, 2007, almost three years after his admitted receipt of his termination notice, and against the Defendant Plan in the Amended Complaint on April 23, 2008, almost four years after he was notified of his job elimination from Defendant Philips. Accordingly, Plaintiff's § 510 claim is time-barred as to all of the Defendants, including the Defendant Plan.

**B.    PLAINTIFF'S ERISA SECTION 510 "INTERFERENCE" CLAIM CANNOT BE ALLEGED AGAINST THE DEFENDANT PLAN**

Although the Second Circuit has not squarely addressed this issue, courts in the Southern District of New York have held that § 510 only proscribes "interference" with the employment relationship. *Tirone v New York Stock Exchange, Inc.*, 2006 U.S. Dist. LEXIS 69591 (S.D.N.Y. 2006)[6] (citing *Devlin v. Transp. Commc'ns Int'l Union*, 1997 U.S. Dist. LEXIS 13916, No. 95 Civ. 0742 (JFK), 1997 WL 570512, at *6 (S.D.N.Y. Sept. 15, 1997)); *see also Downes v. J.P. Morgan Chase & Co.*, 2004 U.S. Dist. LEXIS 10510, No. 03 Civ. 8991 (GEL), 2004 WL

---

[5]    A copy of the case is attached as Exhibit F to the DeGiuseppe Aff.
[6]    A copy of the case is attached as Exhibit G to the DeGiuseppe Aff.

1277991, at *5 (S.D.N.Y. June 8, 2004)[7]; *DeSimone v. Transprint USA, Inc.*, 1996 U.S. Dist. LEXIS 5700, No. 94 Civ. 3130 (JFK), 1996 WL 209951, at *3 (S.D.N.Y. Apr. 29, 1996). [8]

Thus, "plaintiffs must allege that defendant took some type of adverse employment action to interfere with the attainment of their benefit rights under the plan." *Maguire v. Level Sights, Inc.*, 2004 U.S. Dist. LEXIS 13566 at 5, No. 03 Civ. 2294 (GBD), 2004 WL 1621187, at *2 (S.D.N.Y. July 19, 2004).[9] "[A] fundamental prerequisite to a § 510 action is an allegation that the employer/employee relationship, and not merely the . . . plan, was changed in some discriminatory or wrongful way." *Deeming v. American Standard, Inc.*, 905 F.2d 1124, 1127 (7th Cir. 1990).

In the instant case, there is no allegation in the Amended Complaint that the Defendant Plan and the Plaintiff were involved in any type of "employer-employee" relationship or that the Defendant Plan itself in any way either (i) changed his employment relationship with the Companies or (ii) interfered with, or discriminated against, the attainment of Plaintiff's rights to obtain pension and health insurance benefits. *See DeGrave v. Nat'l Automatic Merch. Ass'n Pension Plan*, 392 F. Supp. 2d 1032, 1035 (N.D. Ill. 2005).

Moreover, any allegation that the Plan is an "indispensable" party to this action required to afford Plaintiff full relief has been specifically dismissed by the federal courts in a Section 510 "interference" actions. *See, e.g., Vaughn v. Waste Indus. USA, Inc.*, 2007 U.S. Dist. LEXIS 29133 (S.D.S.C. 2007).[10] There is therefore no factual or legal basis for Plaintiff's alleged Section 510 claims against the Plan.

---

[7] A copy of the case is attached as Exhibit H to the DeGiuseppe Aff.
[8] A copy of the case is attached as Exhibit I to the DeGiuseppe Aff.
[9] A copy of the case is attached as Exhibit J to the DeGiuseppe Aff.
[10] A copy of the case is attached as Exhibit K to the DeGiuseppe Aff.

## POINT II

### PLAINTIFF'S REMAINING CLAIMS CANNOT BE ALLEGED AGAINST THE DEFENDANT PLAN

As the Plaintiff does not allege in the Amended Complaint that any employment relationship existed between himself and the Defendant Plan within the meaning of ADEA, the NYSHRL, or the NYSWL, there is no alleged factual basis for granting his requested relief under these laws for either employment discrimination or failure to pay earned "wages" as against the Plan. (Amended Complaint ¶¶ 6-11). The fact that the Plaintiff did not name the Plan as his "employer" in either his EEOC Charge or his March 10, 2008 motion letter to the Court (DeGiuseppe Aff., Exs. C and E) confirms that the Plaintiff never alleged that any employment relationship between himself and the Plan existed under some undefined "integrated enterprise" theory or otherwise prior to the filing of his Amended Complaint in April 2008.

Secondly, Plaintiff's alleged age discrimination claims in the Amended Complaint, even if they are alleged against the Plan, are time-barred by the 300 day period limitations period for filing age discrimination charges with the EEOC, 29 U.S.C. § 626(d), and the three-year statute of limitations for filing age discrimination actions under the NYSHRL, *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983).

Nor does Plaintiff allege in the Amended Complaint that the Plan was a party to his 2004 "key employee" bonus agreement, which would preclude any relief under Section 190 of the NYSWL, N.Y. Lab. Law § 190 (McKinney 2008 Cumulative Pocket Part) or applicable common law for the alleged failure to pay him "wages" as an employee. Accordingly, the Defendant Plan is not a proper defendant in this action and the Amended Complaint should be dismissed in all respects against the Plan.

## CONCLUSION

Applying the foregoing standards to the instant case, and accepting all material facts alleged in the Amended Complaint as true to the extent required, the Amended Complaint fails to state a claim against the Defendant Plan for which relief can be granted. The Plan therefore respectfully requests the Court to grant the instant motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6), and to award such other relief as may be just and proper, including an award of the costs and attorneys' fees.

Dated:  White Plains, New York
        August 26, 2008

                                        BLEAKLEY PLATT & SCHMIDT, LLP


                                        By:_____
                                            Joseph DeGiuseppe, Jr. (JD6376)
                                            Attorneys for Defendants
                                            One North Lexington Avenue
                                            White Plains, New York 10601
                                            (914) 949-2700

11